JAMES DUFIELD, Appellant, *v.* ELISHA A. CROSS, Appellee.

APPEAL FROM McHENRY.

Where a bill of exceptions is settled several days after the trial of a cause, and states that "the plaintiff asked for the following instructions, to the giving of which the defendant excepts," the court will not consider the instructions, but will suppose the exception to them was not taken on the trial.

Where there is a conflict of testimony, the Supreme Court will not disturb a verdict, unless it is manifestly against the weight of evidence.

CROSS sued Dufield in assumpsit, for work and labor, laying his damages at one thousand dollars. Dufield filed the general issue, to which there was a joinder.

The cause was submitted to a jury, WILSON, Judge, presiding, at March term, 1852, and resulted in a verdict and judgment against Dufield for $140 and costs. Whereupon Dufield prayed for an appeal, and brought the cause to this court.

The opinion of the court contains a statement of all the facts necessary to a full understanding of the case.

T. L. DICKEY and E. McCLURE, for appellant.

LOOP and HURLBUT, for appellee.

TREAT, C. J. No question arises on the instructions. The bill of exceptions was settled several days after the trial; and, in

reference to this branch of the case, states, that "the plaintiff asked for the following instructions, to the giving of which the defendant excepts." The exception was not taken on the trial, and therefore came too late. See Dickhut *v.* Durnell, 11 Ill. 72, and the cases there cited.

The record presents the question, whether the verdict was authorized by the evidence. The testimony established the following facts: That the plaintiff, while a minor, went into the service of the defendant to remain until he should arrive at age, with a promise on the part of the defendant to give him a horse, saddle, and bridle; that he continued in the service of the defendant until March, 1849, when he received a horse, saddle, and bridle, and a few dollars in money, and left for Wisconsin; that he returned in June following, and worked for the defendant till July or August, 1850; and that his services from the fall of 1847, were worth from $10 to $12 per month. So far, there was no conflict in the testimony. One of the plaintiff's witnesses testified, that the plaintiff's vote was challenged at the presidential election in November, 1848, when the defendant said that he was twenty-one years of age the fall before, and upon that statement his vote was received. Another witness understood the defendant to state on that occasion, that the plaintiff was of age the year before. A witness called by the defendant testified, that the plaintiff told him on his way to the election, that he was not yet of age, but intended to vote. Two witnesses introduced by the defendant proved admissions made by the plaintiff in September, 1850, to the effect that a settlement had taken place between him and the defendant, by which the latter was to pay him $20 then, and $55 in the fall of 1851. A witness called by the plaintiff proved an admission of the defendant, that he had settled with the plaintiff for the work done after his return from Wisconsin; that the plaintiff thought he ought to have something for the work done previously, but defendant did not consider himself bound to pay him any thing for it. It appeared in evidence that defendant paid plaintiff $20 in September, 1850, and $55 in February, 1852. On this state of facts, the jury found a verdict in favor of the plaintiff for $140.

It is very evident that a settlement was made by the parties

after all the services were rendered, and that the amount found due to the plaintiff has been fully paid. The settlement unquestionably embraced the labor performed after the plaintiff returned from Wisconsin, and the only question is whether it included the labor done previously. It is a fair inference from the declarations of the plaintiff that the settlement was general, embracing all the dealings between the parties; while the declarations of the defendant tend to show that it was partial, relating only to the work done by the plaintiff after his return from Wisconsin, and leaving unadjusted any claim for services rendered before that time. On this testimony, the extent of the settlement was peculiarly a question for the jury; and we are not prepared to say, that they erred in the conclusion that the settlement was a partial one.

Whether the plaintiff was entitled to recover for the labor performed before he went to Wisconsin, depends on the question when he became of age. On this point, the testimony was also conflicting, consisting wholly of admissions of the parties. The plaintiff, on his way to the election, stated that he was not then of age; while the defendant declared at the polls, that he was of age a year previous. If the statement of the former was true, the damages were excessive; if the declaration of the latter was true, the verdict was right. Whatever may be the truth of the case, we cannot say that the finding of the jury was manifestly against the weight of evidence, and the verdict must stand.

The judgment is affirmed.

*Judgment affirmed.*