Wade *v.* Walden.

---

BRENTZ WADE, Appellant, *v.* DAVID WALDEN, Appellee.

APPEAL FROM PIKE.

In an action for malicious prosecution, want of probable cause must be shown. The existence of malice is not sufficient to raise a presumption of want of probable cause.

What constitutes probable cause is a question of law.

THIS was an action on the case tried at August term, 1859, before BAILEY, Judge.

The declaration contains five counts ; the first two charge the defendant with maliciously ·prosecuting the plaintiff before R. W. Scanland, a Justice of the Peace of said county, for having, on the 28th day of October, 1858, stolen one load of wood of the value of one dollar, the property of Otto Jarrett. The remaining counts are for libel, and are founded upon the affidavit made by Wade to procure the arrest of Walden.

Plea, general issue, and verdict and judgment for plaintiff for $225. Defendant below appealed.

HIGBEE & HAYS, for Appellant.

M. HAY, for Appellee.

CATON, C. J. Although the defendant below may have been actuated by malice against the plaintiff in the institution of the prosecution for larceny, yet for that reason alone, this action could not be maintained. In addition to the malice, there must have been want of probable cause. A want of probable cause may raise the presumption of malice, but the existence of malice will not raise a presumption of the want of probable cause. If the facts and information upon which Wade made the complaint were sufficient to raise the belief in a reasonable mind that Walden was guilty of the crime charged, and Wade did believe that he was guilty, then he acted upon probable cause, and must be justified in law, although his malice may have been gratified to find so strong a case existed against Walden. Such we cannot for a moment doubt was the case here. It is not denied that Walden took the wood under circumstances which would have made it larceny if he had not purchased it of James, as he claimed to have done. While James swears that he had sold the wood to Walden before he sold it to Jarrett, he admits that Bradbury, Jones and Jarrett called on him and asked him if he had sold the wood to Walden, and says that he gave them no direct answer, but laughed; while on the other hand, all three of these witnesses swear that he did on that occasion say that he had not sold the wood to Walden and that "the grand little rascal had stolen it." In addition to this, these witnesses swear that a few days before Walden took the wood, he and James both went to Jarrett, when Walden tried to purchase some of the wood, which Jarrett refused to sell, and at that time neither Walden nor James pretended, or intimated, that Walden had ever purchased the wood of James, either before he sold it to Jarrett or after. All these facts were communicated by the witness to Wade before he instituted the prosecution. Even admitting that all these witnesses are mistaken about the denial of James that he had ever sold the wood to Walden, yet their unanimous statements that he had so denied it, were as convincing to Wade of the truth of such denial as if it had in fact been made. But we have no doubt that James did deny, not only to these witnesses, that he ever sold the wood to Walden, but that he repeatedly assured Wade himself of the same fact. Winsor testified that when he was at work for James, in his shop, Wade came there

and asked James if he had given Walden any right to take the wood, who assured him that he had not, but that the grand little rascal had stolen it, and that if Wade would take him up he would swear to it. This was a few days before the complaint was made. Bradbury, Jones and Jarrett also testify that Wade, on his return from the office of the justice, after making the complaint, called on James and told him that he had commenced the prosecution and wanted him as a witness. That James inquired if he had been arrested, and on being informed that he had not, advised Wade to *nab* him at once, else he would run away. Even after the trial, James told the witness, Duffield, that he had told Wade if he would prosecute Walden he would swear against him.

Now, in the face of all this proof, to say that Wade did not believe that Walden was guilty and so prosecuted him without probable cause, is quite beyond our appreciation.

What constitutes probable cause is a question of law, and we do not hesitate to say that here was probable cause.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*