## BENJAMIN HUDDLE

*v.*

## ROBERT MARTIN *et al.*

1. PRACTICE—*who may open and conclude a case—error will not always reverse.* In an action of assumpsit, the defendant admitted the plaintiff's account, but claimed he had paid it before suit was brought; this was the only issue between the parties: *Held,* the defendant, having presented the issue, held the affirmative, and that it was error for the court to refuse him the right to open and conclude the case to the jury, but not sufficient, of itself, to reverse a judgment when a fair trial had been had upon the merits and on proper instructions.

2. WITNESS—*of his credibility.* An instruction which informed a jury, that if they believed, from the evidence, that the testimony of a witness had been successfully impeached in its material parts, they should disregard it altogether, was *held* to be erroneous; for although a witness may be impeached, yet if he is corroborated by other witnesses, or by the circumstances in evidence, the jury can not reject his testimony.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Messrs. SMITH, KAGY & GOODNOW, for the appellant.

Mr. D. C. JONES and Mr. W. W. WILLARD, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action originally brought before a justice of the peace of Marion county, by Robert Martin and Thompson Martin, suing under the firm name of Martin & Brother, against Benjamin Huddle, to recover a balance alleged to be due plaintiffs for materials furnished by them to the defendant, to erect a fence around the court house square, and for which defendant had a contract with the county of Marion.

A verdict and judgment was rendered for the defendant, from which the plaintiffs appealed to the circuit court, and on a trial therein before a jury, the plaintiffs recovered a judgment against the defendant for $249.83, to reverse which the defendant appeals, and makes the point, that the right to open and conclude the case to the jury, was denied him by the court; that the court gave an improper instruction to the jury; that the court refused a new trial, and that Thompson Martin did not join in the appeal from the justice of the peace.

It appears, from the bill of exceptions, that the defendant, in the circuit court, admitted the account of plaintiffs, and claimed that he had paid it before suit brought, and this was the only issue between the parties. The defendant presented the issue and held the affirmative, the burden of proof was upon him to establish it, and it is the settled practice, wherever the affirmative of an issue is, with the party holding the affirmative lies the right to open and conclude his case. This right was claimed by the defendant and denied by the court. This was error, but it would not be sufficient to reverse a judgment just in itself, when a fair trial had been had upon the merits and on proper instructions.

There were many witnesses sworn and examined in the cause, and among them the parties, and some conflict in the testimony. An effort was made to impeach the testimony of the defendant, and several witnesses called for that purpose. The court, at the instance of the plaintiff, instructed the jury,

if they believed, from the evidence, that the defendant's testimony had been successfully impeached in its material parts, they should disregard it altogether.

This court has often held that, although a witness may be impeached, yet if he is corroborated by other witnesses, or by the circumstances in evidence, the jury can not reject his testimony. To this effect are *Crabtree* v. *Hagenbaugh*, 25 Ill. 233; *Yundt* v. *Hartrunft*, 41 ib. 9, and *Chittenden* v. *Evans*, ib. 251. The instruction, therefore, without this qualification, was erroneous, and prejudiced the defendant's case, and for this error a new trial should be had.

No objection appears to have been made in the circuit court, as to the manner in which the appeal was taken, nor do we perceive that any exists.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*