# JOHN ANGELO

## *v.*

# GEORGE FAUL.

1. MALICIOUS PROSECUTION—*probable cause a question of law.* Whether the facts proven in an action for malicious prosecution constitute probable cause for commencing a criminal prosecution against a party charged, is a question of law. It is for the jury to find the facts, but when found it is a matter of law whether they constitute probable cause.

2. SAME—*want of probable cause must be shown.* It is not sufficient for the plaintiff, in an action for malicious prosecution, to show that he was not guilty of the charge on which he was arrested, but it is also incumbent on him to show affirmatively that the prosecutor had no probable cause for commencing the prosecution.

3. SAME—*good faith and probable cause.* Good faith on the part of the prosecutor is always an important if not a vital inquiry in a suit for malicious prosecution, and if the belief in the party's guilt is induced by facts and circumstances sufficient to cause a suspicion of guilt in the mind of a reasonably cautious person, it is a justification for commencing a criminal prosecution.

4. An instruction, in an action for malicious prosecution, that mere good faith, or a mere belief of defendant that he had good cause for commencing criminal proceedings against the plaintiff is not sufficient, should be qualified according to the rule above laid down.

5. WITNESS—*credibility.* An instruction that the jury may disbelieve the testimony of any witness who has wilfully sworn falsely to any material fact, unless corroborated by other unimpeached witnesses, should be qualified by the words, "or by circumstances in evidence," and without such qualification it is erroneous.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This suit was brought on the 4th day of October, 1873, by George Faul against John Angelo, for malicious prosecution, in causing plaintiff to be arrested and prosecuted on a charge of burning a hay stack, the property of defendant. On the hearing before the committing magistrate, plaintiff was discharged, and that seems to have been the end of the criminal proceedings, and on the next day this suit was commenced. Plaintiff was not committed to prison, was only in custody from early in the morning until eleven o'clock of same day, and his total expenditure of money was $10 for his defense. On the trial the jury found for plaintiff, and assessed his damages at $1000, but plaintiff, at the suggestion of the court, remitted $250 of that sum. Upon overruling a motion for a new trial, the court rendered judgment for plaintiff for $750 and costs of suit. Defendant brings the cause to this court on appeal.

Messrs. KETCHAM & TAYLOR, for the appellant.

Mr. GEORGE W. SMITH, and Mr. WM. H. BARNES, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Whether the facts proven in an action for malicious prosecution constitute probable cause for commencing a criminal proceeding against a party charged. has always been regarded as a question of law. *Wade* v. *Walden.* 23 Ill. 425. Of course it is for the jury to find the facts in any given case. but when once ascertained, it is a matter of law whether such facts constitute probable cause for instituting a criminal prosecution. Probable cause, as understood in this connection. has been so often defined in the decisions of this court, that we need not repeat the definitions. *Ross* v. *Innis*, 26 Ill. 259; *Ames* v. *Snider*, 69 Ill. 376.

What was said in *Collins* v. *Hayte*, 50 Ill. 353, upon the difficulty experienced by juries in comprehending the law that should govern trials for malicious prosecutions, applies with great force to the case at bar. That plaintiff was not guilty of the charge preferred against him by defendant, is proven beyond doubt, but that, of itself. is not sufficient to justify a verdict in his favor. It was incumbent on him to show affirmatively defendant had no " probable cause " for commencing a criminal prosecution against him. The testimony found in this record leaves this question in grave doubt. Of one thing there can be no doubt: if defendant was in possession of the information he professes to have had, believed it was true, and acted in good faith upon such belief, then we can pronounce upon it, as a matter of law, there was probable cause for commencing criminal proceedings against plaintiff, notwithstanding it was afterwards shown he was not guilty. The woman that was in charge of defendant's house when the hay stacks were set on fire, afterwards pointed out two men as the guilty parties, and defendant's daughter, who was with her, knew one

of them to be plaintiff. That information was communicated to defendant before he caused the arrest of plaintiff.

Good faith on the part of the prosecution, as this court declared in *Collins* v. *Hayte,* is always an important if not vital element of inquiry, and if that belief is induced by facts and circumstances sufficient to raise a suspicion of guilt in the mind of a reasonably cautious person, it is a justification for commencing a criminal prosecution. On this subject defendant asked an instruction, which states the law with sufficient accuracy, and ought to have been given. Such an instruction was especially necessary, in view of the fact the court had given a charge, on behalf of plaintiff, declaring that " mere good faith " or a " mere belief" of defendant that he had good cause for commencing criminal proceedings against plaintiff, was not sufficient. A qualification of that doctrine was necessary to give a full understanding of the law applicable to the facts of the case.

Another charge given on behalf of plaintiff, as to the right of the jury to disbelieve the testimony of any witness who had sworn to any material fact " wilfully and falsely," unless " corroborated by other unimpeached witnesses," is subject to a verbal criticism, as well as being faulty because of the omission to give an important qualification to the doctrine stated. It should have been added. " or by circumstances in evidence." Without that qualification it was erroneous. *Huddle* v. *Martin,* 54 Ill. 258.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*