DOUGLASS S. LOW
v.
SUSAN H. GREENWOOD.

*False Imprisonment—Malicious Prosecution—Instructions—Evidence—
Probable Cause—Questions for Court and Jury.*

1. In an action for false imprisonment and malicious prosecution, the question of probable cause is one of law for the court, and should not be left to the jury.

2. The term "malicious prosecution" denotes both malice and want of probable cause.

3. In the case presented, the question whether the title to certain property was in a third person without the knowledge of the plaintiff, was for the jury.

4. A deposition which is not material to the issue, should not be admitted in evidence.

[Opinion filed February 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This is an action for false imprisonment and malicious prosecution, commenced February 9, 1886, by appellee against appellant. In February, 1885, appellee executed a chattel mortgage to appellant and one Willing, on her household furniture, to secure $161.18, due September 1, 1885. Part of this sum was at that time advanced to appellee by appellant. On the 5th day of March, 1885, she gave the same parties another chattel mortgage on the same property to secure $170, due July 5, 1885.

The last of August, 1885, Low took possession of the furniture (he claiming that appellee directed him to do so), placed the same in charge of a custodian, and, through his attorney, advertised the property for sale. Before that time some of the furniture was taken from appellee's house to satisfy a mortgage prior to those of Low and Willing. When Low took

Low v. Greenwood.

possession it was discovered that some of the furniture was missing, and Low told his attorney, in appellee's presence, to have her arrested if the property was not returned. A few days thereafter, on complaint of said attorney, a warrant for her arrest was issued by a justice of the peace for obtaining money under false pretenses. That proceeding was dismissed for want of prosecution September 28, 1885.

On the trial in the Circuit Court evidence was given tending to show probable cause for the arrest of appellee, and that Low discharged said attorney before the arrest was made, and that the arrest was against his protest.

Messrs. JOHN C. SIMONDS and EDWARD MAHER, for appellant.

Messrs. PAYNE & PORTER and WILLIAM A. GARDNER, for appellee.

GARNETT, P. J. The Circuit Court instructed the jury on behalf of the plaintiff that if they believed from the evidence that the prosecution of the plaintiff by the defendant was without probable cause, the jury might infer malice from such want of probable cause, and find for the plaintiff. The entire series of instructions fails to inform the jury what is probable cause, and they were left to decide for themselves this question of law. It is for the jury to find the facts in any given case, but what constitutes probable cause is a question of law for the court. Wade v. Walden, 23 Ill. 425; Angelo v. Faul, 85 Ill. 106. We are not prepared to say that the solution of this question by the jury, was clearly right.

The fifth instruction for plaintiff was as follows:

"The jury are instructed that the prosecution of a person criminally with any other motive than that of bringing the person so prosecuted to justice, is malicious prosecution, and, if the jury find from the evidence that the defendant caused the plaintiff to be arrested because of her failure to return certain personal property, shown in evidence to have been part of the chattels mortgaged to the defendant, the title of

which, without her knowledge, was in a third person, and which had been taken possession of by that third person, and without the consent of plaintiff, and that the defendant secured her arrest because of her failure to return such property, the jury may infer malice and want of probable cause for such fact."

"Malicious prosecution" is a phrase that has a well settled meaning. It denotes both malice and want of probable cause. To say that prosecuting a person criminally with any other motive than that of bringing the person so prosecuted to justice, is "malicious prosecution," in effect tells the jury there was no probable cause. That such an impression must have been made on the jury, is more obvious from the hypothesis submitted to them in the remaining part of the instruction. The court assumes as a fact that the title to the property, for the removal of which the appellee was arrested, was in a third person without her knowledge. That was a material question of fact in determining whether there was probable cause and should have been passed on by the jury.

The deposition of Sutter, which was admitted in evidence over appellant's objection, was not material to the issues and should have been excluded. Its tendency was to impress the jury with the belief that appellant had broken a contract he made with appellee in July preceding the arrest. Whether he had or not was of no consequence in this case, but we are inclined to think the evidence was prejudicial to appellant before the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*