Alton Lime & Cement Co. v. Calvey.

## THE ALTON LIME AND CEMENT COMPANY

### v.

### JAMES CALVEY.

*Master and Servant—Negligence of Master—Personal Injury to Servant—Quarry—Unexploded Charge of Dynamite—Fellow-Servants—Evidence—Instructions.*

1. In the use of a dangerous agent like dynamite, great care must be taken to prevent accidents. A high degree of diligence rests upon an employer using such explosive, to see that unexploded dynamite is not left where employes are directed to work, and it is a question of fact in a given case whether such care was or was not used.

2. In accepting employment in a quarry a person can not be said to assume the risk of finding unexploded dynamite in the rock he is called upon to break.

3. Where it is sought to remove such unexploded charge, care should be taken that all be removed, or at least employes should be warned of the presence of a portion thereof.

4. A witness should not be asked whether a certain occurrence was one of the risks of a given employment. Such question is for the jury, in view of all the facts and circumstances of the case.

5. Instructions must always be considered with reference to the facts as developed by the evidence.

6. An instruction authorizing the rejection of all of a witness' testimony if he has sworn wilfully false, without it is supported by other

unimpeached witnesses, should not be given. It is proper to direct the jury that the testimony of such witness may be entirely disregarded except wherein it is corroborated by other credible evidence.

7. An instruction assuming as a basis for a declaration of law as to non-liability, a fact directly the converse of that which the undisputed evidence shows to have existed, should not be given.

8. The ex-servant who placed the dynamite in the rock was not the fellow-servant of the plaintiff herein.

[Opinion filed March 11, 1893.]

Appeal from the City Court of Alton, Illinois; the Hon. J. E. Dunnegan, Judge, presiding.

Messrs. A. & J. F. Lee and A. W. Hope, for appellant.

Messrs. McNulty & Baker, for appellee.

Mr. Justice Sample. This suit was brought by appellee to recover damages for a personal injury alleged to have been caused by the negligence of appellant.

The declaration avers, in substance, that the appellee was employed to quarry rock, and that it was the duty of appellant to keep the quarry in a reasonably safe condition for that purpose; that appellant did not perform its duty in that regard, but allowed its quarry to be and remain in an unsafe and dangerous condition by permitting an unexploded charge of dynamite or powder to remain in the quarry, and, that appellee, while at work in such quarry, in ignorance of the presence of such dynamite or powder, and while in the exercise of due care, struck a stone which caused said dynamite or powder to explode, resulting in injuring him. On trial before a jury, a verdict was rendered in favor of appellee for the sum of $150, which was sustained by the court. The principal errors assigned are that the evidence does not sustain the verdict, and that the court erred in giving and refusing to give certain instructions.

That the appellee was injured by an explosion of dynamite that was left in the quarry where he was directed to work is not disputed.

This being the fact, the only questions on the merits are, First, was the appellant negligent in leaving it there? Second, did the appellee exercise ordinary care for his own safety? It appears from the evidence that the dynamite had been left in the quarry some time before the accident by one who had been, but was not at the time of the injury, in the appellant's employ, and was discovered the morning of the day of the accident, and the foreman had directed that it be removed. The order was attempted to be complied with, but, as was afterward ascertained, the dynamite was not all removed; a part of it exploded and caused the injury complained of. The explosion was caused by appellee striking a rock as he was pursuing his work at the place directed.

The appellee knew that some unexploded dynamite had been found, but it does not appear that he knew that it was found at the place where the explosion took place. Besides, he had heard the order for its removal and doubtless supposed it had all been taken away. It seems that appellee had not been using dynamite for an explosive in his work, and, as he testifies, had had no experience with it. It is doubtless the law that in the use of such a dangerous agent as dynamite great care must be used to prevent accidents. A high degree of diligence rested on the company to see that unexploded dynamite was not left where it directed its men to work. It was a question of fact for the jury whether such care was used by the appellant. After an examination of the evidence, we are unable to say the finding is unsupported. The foreman, Turk, testified that if the appellee had been careful he might have seen the dynamite before he struck the rock which caused the explosion. If this is true, then the company, whose duty it was not to allow any dynamite to remain in the quarry that by the exercise of proper diligence could have been discovered, should have had it removed. The appellee was not handling dynamite and did not expect to find it there. We do not think his negligence contributed to the accident. It is urged that he was a fellow-servant with the workman who

was ordered to remove the dynamite, and also with the one who had left it in the quarry prior to appellee's employment. The facts do not warrant that conclusion, and that question is not considered involved in this case.

The company impliedly assured the appellee at the time of his employment that the quarry was in a reasonably safe condition. It appears from the evidence that it was not in that condition, and thereby the appellee was injured. It is true that he took the ordinary risk of such service, but it can not fairly be said that he should expect to find unexploded dynamite in the rocks he was required to break. In addition to this view, it is shown that only a part of the charge of dynamite was removed under the direction of Turk, the foreman. He should have had diligent search made for the residue, or at least have warned appellee of the fact, so as to put him on his guard. This was not done until after the accident, when a search revealed the remainder of the charge, which was then taken away and buried. It was not error for the court to refuse to allow the following question to be answered, viz.: Was the explosion one of the risks of the service? Such a fact is not to be determined by the opinion of witnesses, but by the jury, from all the facts and circumstances. Serious objections are made to the instructions given on behalf of the appellee. Instructions must always be considered with reference to the facts as developed by the evidence. In this case it is conceded that the appellant knew, by its foreman, which in legal effect was the same as if it had been presented to the directory at a regular meeting, that unexploded dynamite was left in the quarry where appellee was required to work. With this knowledge, did the appellant negligently allow it to remain? Or, in other words, did it exercise reasonable care and diligence in view of the danger attending such an explosive, after it had knowledge of its presence, to remove it? This is the view presented by the first instruction, and while it might have been more carefully worded, yet we do not think it could have misled the jury.

The second instruction declares it was the duty of the

appellant to remove such unexploded dynamite, or at least so guard it as to prevent harm to its employes. As we have heretofore stated, that was its duty. But it is said that the instruction is imperative and unqualified as to the diligence and care to be exercised to do so.

It must be remembered, in this connection, that the foreman testified that the dynamite could have been readily seen, at least by one looking for it, and this was urged as a reason for non-liability. This instruction might properly have been qualified also, but it did not, in our judgment, mislead the jury in view of the evidence. The third instruction, which declares in effect that Stugle, who, it is claimed by appellant, had put the dynamite there before he left appellant's employment, was not a fellow-servant with appellee, states the law correctly. The fourth and fifth instructions were properly given and state the law correctly. The court gave instructions for the appellant which were as broad and favorable to it as could be reasonably asked. Error, however, is assigned on the refusal of the court to give two instructions asked on its behalf. One instruction was to the effect that if any witness had " sworn falsely and willfully to any material fact," then the jury might reject all of such witness' testimony, " whenever any facts testified to by him are not confirmed by other witnesses whom they do not find have sworn willfully and falsely." This instruction is peculiarly constructed and, for that reason, is subject to criticism, if not rejection. But it is, in effect, like one which was held to be erroneous by the Supreme Court in the case of Angelo v. Faul, 85 Ill. 106.

This instruction authorizes the rejection of all of a witness' testimony, if he has sworn willfully false, without it is supported by other unimpeached *witnesses*, disregarding the common experience of courts in trials that frequently facts and circumstances developed by the evidence, are the very strongest corroboration and confirmation of the truth of testimony. The Supreme Court, in the above case, recognizes this palpable fact. Had the instruction concluded that such witness' testimony might be en-

tirely disregarded, except wherein it was corroborated by
" other credible evidence," then such an expression would
have included, not only the evidence of the credible wit-
nesses, but facts and circumstances as well, and would have
been unobjectionable, and, doubtless, in such form, would
have been given by the court. There was no error com-
mitted in its refusal.

The second refused instruction was properly refused.  It
asserts that if dynamite was found in the quarry, and
appellee knew it, and continued there *without any promise
to remove it,* and he was injured, without exercising due care,
then he can not recover.  The trouble with this instruction
is the portion italicized.  The appellant not only did prom-
ise to remove it, but actually gave the order to do so in
the presence of the appellee, which at least was equivalent
to a promise to the appellee himself, and was also a recogni-
tion of the duty it owed to him, as a matter not only of
common prudence but of humanity.  After such promise
or order, appellee had a right to suppose that order had
been properly executed with that degree of diligence and
care that the danger of allowing it to remain required.  The
instruction assumes as a basis for a declaration of law as to
non-liability, a fact directly the converse of that which the
undisputed evidence shows, viz., that he did *not* continue
there without any promise to remove it.  The instruction
was properly refused.

There being no material error in the record, the judgment
is affirmed.                        *Judgment affirmed.*