## Arcade Company v. Allen.

1. BILLS OF EXCEPTIONS—*Objections and Exceptions—How Shown.*—Where, in a bill of exceptions, at the end of each of the questions were the words, "Objected to; sustained; exception;" *it was held* defective, as not showing who objected or what was objected to, or who sustained, or what was sustained. The persons preparing a bill of exceptions must be responsible for all uncertainty and omissions in it.

2. BILLS OF EXCEPTIONS—*Care in the Preparation.*—More care in the preparation of bills of exceptions than merely inserting a transcript of the shorthand notes taken at the trial, is necessary.

3. INSTRUCTIONS—*Must be in Writing.*—Under Sec. 52, Chap. 110, R. S., it is error for the court to instruct the jury orally.

**Memorandum.**—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed February 13, 1894.

The statement of facts is contained in the opinion of the court.

ARTHUR B. WELLS, attorney for appellant.

CHARLES E. POPE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellees sued for money due them on a building contract, and presented a final certificate from a superintending architect, pursuant to the contract between the parties.

The appellant vainly attempted to show on the trial that faults were in the work, undiscoverable at the time the certificate was issued, but developed when water was let into the pipes in the building, for which deductions should be made.

If the defense had been proved, it would have made out a mistake in the certificate for which proper allowance ought to be made. The court refused to admit the evidence, but the bill of exceptions is not sufficient to show error in that particular.

At the end of each of the questions are the words "Objected to. Sustained. Exception." Who objected to what? Who sustained what? Who excepted to what? The reiteration by this court, over and over, of the doctrine of Rogers v. Hall, 3 Scam. 6, that "the appellant must be responsible for all uncertainty and omission in his bill of exceptions," is unheeded. More care in the preparation of bills of exceptions than merely inserting a transcript of the shorthand notes taken at the trial, is necessary. At the close of the evidence, the record shows further proceedings, thus:

"The Court: Now, gentlemen, let me say to you that if ever there was an imposition perpetrated on a court, it was in the trial of this case. When I let you go on with this trial, I imagined that you had some defense showing injury to your building. You have taken the time of this court and cost the county of Cook over $200, and I have no way to punish you for doing it. You have imposed on the intelligence of the jury. So far as the court is concerned, I care nothing, but if you can show $1 damage arising from the driving of the nail in this pipe, I will allow you to do it, but you have kept me here two days and have not shown it, and it is an imposition on the intelligence of the jury when you do not show a cent, one cent, of damages. When a man comes into court as defendant or as plaintiff, he must prove something. It appears to me to be a willful and malicious attempt on the part of the defendant to delay the recovery of a just judgment in this case. The contract appears to have been completed in time; for all I know, the property was taken possession of, a note was given to the architect, a final certificate on the completion of some minor defects, that it appears was complied with, nailing down some floors, a hole in the lead pipe was stopped. The only evidence of damage to the building was that one of the defendants came here and swore that he noticed moisture on the ceiling, and on the plaster. Now I venture to say that there never was a building in this city where less damage was suffered by the owner than in this case. You have no case. I say it is an imposition.

North Chicago St. R. R. Co. v. Wrixon.

Mr. Cleveland: Note an exception to the remarks of the court. I have entered up my instructions, your honor, and I desire to be heard.

(Addressing counsel:) I do not desire to hear anything more from you. (Addressing the jury:) You will find a verdict for the plaintiff of $827.20.

Mr. Cleveland: If the court please, I would like to say that, in the first place, we were brought in here without any copy of the counts. I knew nothing about the case in the first place, but I believe as a matter of law we have a good defense, and as for imposing on the court, I disclaim any such intention, and I desire to be heard before the jury.

The Court: No, sir.

Mr. Cleveland: Well, I have acted in good faith in this matter.

The Court: Well, it don't appear so. You have not proved one cent; you will admit that yourself.

Mr. Cleveland: We don't have to prove it. We claim simply this: It was their place to show a final certificate that was issued without fraud or mistake. There was a mistake.

The Court: Now the jury can sign that verdict."

Here the appellant preserved a proper exception to the action of the court. Sec. 52, of Ch. 110 Practice Act, of 1872, is: "Hereafter, no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing."

And the next preceding section is, "The court, in charging the jury, shall only instruct as to the law of the case."

The judgment is reversed and the cause remanded.