## Otto Schanzenbach v. George Brough.

1. PRACTICE—*Taking Exceptions.*—Exceptions taken to the action of the trial court in admitting or rejecting evidence, must be specific and show clearly what was excepted to.

2. SERVICES—*Discharge Without Reasonable Cause—Measure of Recovery.*—Where a person is employed at a stated price for a longer term than is allowed by the statute of frauds, and is discharged without cause before the expiration of the period of employment, he is not limited in his recovery to the price fixed by the contract, but may recover what his services are really worth.

3. INSTRUCTIONS—*Contrary Statements out of Court.*—An instruction stating that if the jury "find from the evidence that the plaintiff has, on another occasion, willfully stated or sworn that he was the partner of the defendant during and for the time for which he now seeks to recover wages as a servant, then they are at liberty to disregard his testimony in this trial as unworthy of belief," is erroneous, as it omits the qualifications as to corroboration.

4. PAYMENT—*Burden of Proof.*—The burden of proving a payment is upon the party making it.

Assumpsit for work, labor and services. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard at this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

C. A. FITCH, attorney for appellant.

THOMPSON & CURTIS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for wages earned, as the appellee testified, under an employment never put in writing, for five years at $5 per day.

The appellant admitted the employment at $5 per day, but only by the day, not by the year, week or month. The appellant claims that he suffered by some irregularities on the cross-examination of the appellee, but the language of the bill of exceptions is simply at the end of each of several colloquies between court and counsel, "exception by counsel for defendant." This is nearer to what is necessary

Schanzenbach v. Brough.

than was the case in Arcade Co. v. Allen, 51 Ill. App. 305, but yet does not show what the appellant excepted to. The opinion of Scofield, J., in East St. L. R. R. v. Conley, 49 Ill. App. 310, is instructive, if attentively read.

The appellee worked for the appellant from March 10, 1890, to April 4, 1891, and as appellant testified, was paid $1,289. That would leave nearly $400 due to the appellee and he has recovered $609.64. But the appellee put in testimony that services of the character that he rendered were worth from $7 to $10 per day, and if he was employed for a long term and discharged without cause, he is not limited to the price fixed by his contract, void under the statute of frauds and broken by the appellant, but may recover what his services were really worth. Wm. Butcher Steel Works v. Atkins, 68 Ill. 421.

Whether there was cause for the discharge of the appellee was a question for the jury upon so little evidence of any cause, that the abstract shows no instruction upon that subject.

The appellant claims that he should have been allowed as payment the price of some stock bought by him for the appellee, but the abstract does not show that any was bought.

The appellant testified, " I paid for that valve stock," with no more said about any actual purchase or sum paid. If it was bought the appellant no doubt kept it.

The appellee had once filed a bill claiming a partnership with the appellant. The abstract shows that the appellant asked and excepted to the refusal of the following instructions:

" The jury is further instructed that they may take into consideration any declaration or omission, whether verbal or in writing, and proven to have been made by the plaintiff in regard to his business relationship with the defendant for the purpose of determining the credibility and veracity of the plaintiff."

" The court instructs the jury that if they find from the evidence that the plaintiff has on another occasion willfully

stated or sworn that he was the partner of the defendant, during and for the time for which he now seeks to recover wages as a servant, then they are at liberty to disregard his testimony in this trial as unworthy of belief."

"The court further instructs the jury that the plaintiff, in order to recover, must prove his case by a preponderance of evidence. And in case they, the jury, should find the evidence in this case so nearly balanced as to make it impossible to tell where the preponderance of the evidence lies, then, and in such case, they should find the issues in favor of the defendant."

As to the first, "omission" probably means "admission," but don't so read, and if it had, and had been read to the jury, it is impossible to believe that it would have affected the result.'

The second omits the qualification as to corroboration always necessary. Huddle v. Martin, 54 Ill. 258.

The third is wholly wrong. That the appellee worked for the appellant was undisputed. The burden of proving payment was upon the latter. Ranke v. Cobiskey, No. 5374 last term. On the whole case the judgment must be affirmed.