## Thomas B. Baker et al., for use of Daniel R. Brant, v. George G. Newbury.

1. Bill of Exceptions—*Should Show What Was Excepted to.*— When a bill of exceptions states "exception" or "exception by plaintiffs," etc., without particularizing what is excepted to, the court will not undertake to supply the omission.

Action for Deceit.—Error to the Superior Court of Cook County; the Hon. George F. Blanke, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

C. M. Hardy, attorney for plaintiffs in error.

Jesse Holdom, attorney for defendant in error.

Mr. Justice Shepard delivered the opinion of the Court.

This was an action in case for deceit, brought by plaintiffs in error to charge the defendant in error upon a certain indorsement made by him upon a certain paper in writing signed by numerous other persons, whereby they severally agreed to pay specific sums of money on account of anticipated benefits arising to their respective properties by reason of the erection of a theatre building on Wabash avenue between 18th and 20th streets, in Chicago.

The indorsement made by appellee was as follows:

" Mr. Fuller is willing to give $750 when building is completed, and instructs Geo. G. Newbury to pay it for him."

The declaration alleged that the appellee falsely pretended to have authority from one William A. Fuller to make said indorsement, or subscription, and that relying upon his supposed authority, the appellants went on and erected, and fully completed, the theatre contemplated, at great expense, whereas in fact appellee's pretenses in that regard were false, etc., whereby they were damaged, etc.

The cause coming on for trial, the court at the conclusion of plaintiffs' evidence, instructed the jury to find for the defendant, and judgment being accordingly entered against the plaintiffs for costs, this writ of error is prosecuted.

The assigned errors are because of the rejection of evidence offered by plaintiffs; " in permitting improper questions to be put to and answered by Daniel R. Brant (plaintiffs' witness) on examination; " in orally instructing the jury to find for the defendant; in taking the case from the jury by a peremptory instruction, and in rendering the judgment for costs.

The evidence that was rejected, and to the rejection of which any exception was attempted to be taken by the plaintiffs, was directed toward establishing that the subscriptions of which that in question was one, and the representations made by the appellee, were the moving cause and inducement for the building of the theatre, and that without such subscriptions and statements the theatre would not and could not have been built. It was proved that all the other subscriptions were paid, but upon what representation or inducements any of them were given, or were afterward paid, the trial court ruled adversely to the plaintiff.

Whether the trial court ruled correctly in that regard, can not be questioned upon the record here.

The rule that the appellant must be held responsible for all uncertainties and omissions in his bill of exceptions, has long prevailed in this State, and between Rogers v. Hall, 3 Scam. 5, decided in 1841, and Arcade Co. v. Allen, 51 Ill.

App. 305, decided in 1893, has been frequently given expression. When, therefore, a bill of exceptions states "exception," "exception by plaintiff," etc., without particularizing what is excepted to, we can not undertake to supply the omission. And this applies with equal force to the admission of improper evidence on the cross-examination of the witness Brant.

Under the evidence that was heard, and without a consideration of errors which, for lack of proper exceptions can not be inquired into, we think the court properly took the case from the jury by the instruction to find for the defendant.

The remaining error that is assigned, because of the jury being orally instructed to find for the defendant, has no foundation of fact to stand upon, the matter upon which it is based having been, upon motion of appellee, expunged from the record.

The judgment of the Superior Court is affirmed.