Lewinsohn v. Stevens.

## Dave Lewinsohn v. Charles A. Stevens et al.

1. PRACTICE—*Objections Should be Specific.*—To constitute error in their overruling objections must be specific and direct the court's attention to the very point, to the end that an opportunity may be had to obviate them and avoid error.

2. SAME—*Objections Should be Specific—The Rule Applied.*—The question, "What was the amount of the account which you presented to the defendant for payment," was objected to on the ground that it was not the best evidence. *Held*, that the objection should have stated that such evidence was not the best evidence because it called for the contents of a writing shown to have once existed and which remained unaccounted for.

3. SAME—*Application of Technical Rules.*—A technical answer to a technical claim is good and where a party stands upon and demands the application of strict rules of law in his own favor equal strictness will be observed in enforcing rules which operate against him.

4. APPELLATE COURT PRACTICE—*What Abstracts Should Show.*—Where an abstract states "Motion for new trial * * * motion denied, exception by defendant," without showing by whom the motion was made, what motion was denied or to what ruling of the court exception was taken, the court will not undertake to supply the omission.

Assumpsit, for the price of goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

MAHER & GILBERT and ROBERT F. KOLB, attorneys for appellant.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellees sued the appellant for goods, wares and merchandise sold and delivered, and upon an account stated, and filed with their declaration an affidavit of amount due, $384.84.

The appellant pleaded the general issue, but did not file an affidavit of merits, nor did he offer any evidence at the trial.

The only evidence in the case was the testimony of a witness for the appellees, who was their collector, that on numerous occasions, as many as twenty times, he called at appellant's place of business to collect an account for a lot of silks and draping materials sold and delivered to the appellant by appellees, but was put off with promises; that he presented to appellant the statement of the account; that the amount of the account so presented was $584.84, on which $200 was paid, but that he did not know whether at any of the times when he saw appellant any specific sum of money, as due and owing, was mentioned between them.

The witness was unable to identify the statement of account that was exhibited to him when testifying, any more definitely than to say it was either the original statement presented to the appellant by him, or an exact copy of it, whereupon such statement, upon the objection of appellant, was refused to be admitted in evidence.

No other evidence being introduced by either party, the court instructed the jury to find a verdict for the appellees for the balance of $384.84.

All of appellant's contentions hinge upon a question put to the witness by appellees' counsel, over appellant's objection that it was not the best evidence, as follows:

"What was the amount of this account which you presented to the defendant for payment?"

Lewinsohn v. Stevens.

That question was put and answered after the court had refused to admit in evidence the statement that the witness had failed to certainly identify as the one presented.

We have sometimes said in cases that have appeared to be wholly based upon technicalities, that " a technical answer to a technical claim is good."    Flaningham v. Hogue, 59 Ill. App. 315.

And that we do no injustice to appellant in speaking of his defense as a purely technical one, is apparent, not alone from the record made in the trial court, but also from the closing sentence of his reply brief here, where he says: " The appellant stands, as he has a right to do, on his strict legal rights, and respectfully asks of this court a reversal of the judgment below."

The objection to the question, that it was " not the best evidence," did not include in it, as in absolute legal strictness it should have done, the reason that it was not so because it called for the contents of a writing shown to have once existed, and which remained unaccounted for.    Had the reason been stated, the objection might have been then and there cured by better evidence.    The rule requires that, to constitute error in their overruling, objections must be specific, and direct the court's attention to the very point, to the end that an opportunity may be had to obviate them and avoid error.    For aught that appears, it was because of lack of such specificness at the trial where the objection might have been avoided, that the court afterward refused to set aside the verdict, and if so, it did right.    C. & E. I. R. R. Co. v. Holland, 122 Ill. 461; James v. Dexter, 113 Ill. p. 656.

Again, the abstract shows:    " And thereupon the court peremptorily instructed the jury to find a verdict for the plaintiff for the sum of $384.84.

(Exception by the defendant.) "

What was excepted to ?    The " exception " does not state.

And again, the abstract shows :

" Motion for new trial in writing."    By whom was the motion made ?    The abstract does not state.    And follow-

ing the assigned grounds for a new trial, the abstract shows:

"Motion denied. Exception by defendant."

What "motion" was denied? The abstract does not state. To what ruling of the court was the "exception" taken? The abstract does not state. Schanzenbach v. Brough, 58 Ill. App. 526; Baker v. Newbury, 63 Ill. App. 405; Gibler v. City of Mattoon, 167 Ill. 18.

Probably, we might infer with reasonable accuracy what is meant, but abstracts which are presumed to present everything upon which the party appealing relies, may not leave to inference that which certainty demands should be expressed.

Other imperfections in the abstract might be pointed out, but such as have been mentioned are in connection with the vital points of the case. If no motion by appellant for a new trial were made, or if made by him the court overruled the same, and he did not take an exception to that action by the court, the appellant can not complain upon appeal.

This is the rigorous application of strict rules of law, as we said in the Flaningham case, *supra*, but the appellant says he stands upon such and demands their application in his favor. If they have discomfitted him in his endeavor to get rid of a judgment which he has nowhere so much as attempted to deny the righteousness of, he ought not to complain.

The judgment of the Circuit Court is affirmed.