## J. S. Daily v. Bertha Donath.

1. MALICIOUS PROSECUTION—*Requisites of the Plaintiff's Case.*—In order to maintain an action for malicious prosecution, it is incumbent upon the plaintiff to show (1) want of probable cause on the part of the defendant in commencing the prosecution; (2) malice on his part and (3) termination of the prosecution in the plaintiff's favor.

2. SAME—*Where Malice May be Inferred.*—The criminal code can not be resorted to for the purpose of collecting debts, where there is no probable cause for supposing that an offense against the law has been committed, and in the absence of such probable cause malice may be inferred.

3. SAME—*Advice of Counsel as a Defense.*—Before a party can shield himself by the fact that he took advice of counsel before instituting the prosecution, it must appear that he made, in good faith, a full, fair and honest statement of all the material circumstances bearing upon the supposed guilt of the party charged, which were within his knowledge or which he could by the exercise of ordinary care have obtained.

**Action for Malicious Prosecution.**—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

QUINN & QUINN, attorneys for appellant.

In order to maintain an action for a malicious prosecution the plaintiff must show affirmatively (1) want of probable cause in commencing the proceeding against the plaintiff; (2) malice on the part of the defendant; (3) termination of the proceedings in favor of the plaintiff. Newell on Malicious Prosecution, Par. 8, p. 10; Cooley on Torts, p. 187; Bishop on Non-contract Law; Israel v. Brooks, 23 Ill. 575.

Probable cause is a reasonable ground of suspicion, supported by circumstances strong enough in themselves to warrant a cautious man in the belief the person charged is guilty. Ames v. Snider, 69 Ill. 376.

Malice must be proved in the same manner as other essential facts that go to make up the requisite of an action. It may be inferred from the activity and zeal displayed by the defendant in matters relating to the prosecution. Newell on Malicious Prosecution, 456–457.

The result of the trial, and its termination, favorable to the defendant, can only be proved by the original record or by an examined copy of the record. Newell on Malicious Prosecution, 452, section 4; 3 Phillips on Evidence, 575; 2 Greenleaf on Evidence, section 452; Skidmore v. Bricker, 77 Ill. 164; Corbly v. Wilson, 71 Ill. 209.

Barnes & Magoon, attorneys for appellee; Joseph A. Weil, of counsel.

Probable cause is an honest, reasonable belief of the party prosecuting, that the defendant prosecuted is guilty of the crime, based upon facts and circumstances which would cause a man to so believe, who acts with reasonable prudence and caution in that regard. Gardiner v. Mays, 24 Ill. App. 286.

A mere belief of a defendant in a suit for malicious prosecution, that he had good cause for commencing criminal proceedings against the plaintiff, is not sufficient. It is necessary that this belief be induced by facts and circumstances sufficient to cause a belief of guilt in the mind of a reasonably cautious person. Angelo v. Faul, 85 Ill. 106.

Probable cause for instituting a criminal prosecution, is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person charged is guilty of the offense charged. Ames v. Snider, 69 Ill. 376.

The advice of counsel must be sought in good faith. Skidmore v. Bricker, 77 Ill. 164.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit by Bertha Donath against J. S. Daily for malicious prosecution, which resulted in a verdict and judgment for the former for $200. To reverse that judgment defendant below appealed to this court.

Appellee, then about eighteen years of age, was employed at the home of appellant as a domestic for some months prior to January 3, 1900. In November, 1899, Mrs. Robinson, the mother-in-law of appellant, visited his home, and while there sold a sewing-machine to appellee for $10. There

is some conflict as to the terms of this sale. Appellee swore that she said, when asked by Mrs. Robinson to buy the machine, "I have not the money to buy it now," and that Mrs. Robinson said, "that don't make any difference, you are working here at my daughter's and you can pay for it whenever you get any money to spare." Mrs. Robinson swore that nothing was said with regard to the time of payment when the machine was sold to appellee, but that she afterward said to Mr. and Mrs. Daily, in the presence of appellee, that she "should look to them for the pay." Appellant testified that at the time last referred to the conversation in reference to the machine was going on when he got home, and that Mrs. Robinson said to appellee, "You understand, Bertha, that this machine is to remain here with these folks until it is paid for," and that appellee gave a sign, indicating assent. On January 2, 1900, appellee left the employ of appellant, and the next day went with her brother to take away her trunk and sewing machine. At that time the sum of $5 was yet unpaid upon the machine. When appellee attempted to take the machine Mrs. Daily told her she could not take it until it was paid for. Appellee, with the assistance of her brother, put the machine in a wagon, however, and took it away. Before they left, appellant, who had been telephoned for by his wife, came running up and told appellee and her brother if they took the machine away without paying for it he would send a constable after them and have them arrested. Appellee in reply said she did not care, that the machine was hers, and she was going to take it. Appellant went to an attorney living in the place, who was at the time acting as the representative of the state's attorney, and he drew up a complaint for her arrest. The complaint was given to a justice of the peace, who issued a warrant and gave it to a constable. The constable went to appellee's home and served the warrant upon her, but permitted her to ride into town to the office of the justice with her brother. At her home the constable advised appellee the best thing she could do was to settle the case by paying the $5 she owed on the machine.

At the office of the justice of the peace, where appellee and her brother went with the constable, appellant failed to appear, and if the attorney was there at all, it was only for a moment.   No attempt appears to have been made to take up the case for trial, and the justice suggested to appellee that she had better straighten the matter up.   This advice was finally taken by her, and the $5 due on the machine and the costs of the suit were paid.   The justice of the peace made the following entry in his docket:

" As no one appears to prosecute this case, the case is dismissed and the prisoner discharged upon the payment of costs; this being agreed to by the defendant."

The $5 was afterward given by the justice to the attorney, who turned it over to appellant.   Appellee testified that after she was released she went to appellant's office and asked him to pay her a balance which she claimed he owed her; that he thereupon told her that she could get her money " the way he got his."   Appellant says that when appellee made the demand last referred to he said he did not owe her anything but that if he did she could make it off of him.

In order to maintain her action it was incumbent upon appellee to show (1) want of probable cause on the part of appellant in commencing the proceedings; (2) malice on his part, and (3) termination of the proceedings in her favor. Appellant insists that appellee failed to prove any of the essentials above mentioned.

From the facts as above stated we think it clearly appears that the prosecution was commenced for the purpose of collecting the balance due Mrs. Robinson from appellee upon the machine and not for the purpose of bringing a guilty party to justice.   But the criminal code can not be resorted to for the purpose of collecting debts where there is no probable cause for supposing that an offense against the law has been committed, and in the absence of probable cause malice may be inferred.   Krug v. Ward, 77 Ill. 603; Wade v. Walden, 23 Ill. 425.

That the proceeding had been terminated in favor of

appellee is not questioned. It is insisted, however, by appellant, that where a prosecution is terminated by an agreement between the person prosecuting and the party charged, there is no such a termination of the suit as will permit the latter to sue for damages for malicious prosecution and that the termination of this suit was the result of a compromise. The docket of the justice shows that the case was dismissed for want of prosecution and that appellee had agreed to pay the costs, but there was no evidence that any compromise was entered into between appellant and appellee. Appellant also claims that in making the complaint he acted upon the advice of an attorney and that this showed his good faith. It appears, however, that he did not make a full statement of the case to the attorney, only telling that portion which was most favorable, and which tended most strongly to show a right to sustain the action.

Before a party can shield himself in a suit for malicious prosecution by the fact that he took advice of counsel prior to instituting proceedings, it must appear from the evidence that he made in good faith a full, fair and honest statement of all the material circumstances bearing upon the supposed guilt of the party charged, which were within his knowledge or which he could by the exercise of ordinary care have obtained. Roy v. Goings, 112 Ill. 656.

The statement made by appellant in this case did not meet the above requirements.

While certain of the instructions given for appellee were not well guarded, yet the series of instructions given for her as a whole fully stated the law in such a way that the jury could not have been misled.

The instructions refused for appellant of which he complains, were either covered by other instructions which were given on his behalf or stated abstract propositions of law and consequently there was no error in refusing them. In this case we are of opinion that substantial justice has been done. The verdict was for a very reasonable amount, and we find no material errors in the record.

The judgment of the court below is therefore affirmed.