Edith Alexander, Appellee, v. Brewerton Coal Company, Appellant.

the October term, 1929. Opinion filed February 12, 1930. Heard in this court at

ANGERSTEIN & ANGERSTEIN and W. JOE HILL, for appellant.

A. C. LEWIS and ROY C. MARTIN, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant operates a coal mine in the outskirts of West Frankfort immediately west of Taft Street. That street is 20 feet wide and, near the mine, is crossed by five railroad tracks. At times appellant sets railroad cars at the tipple by means of a steel cable which winds on a drum and crosses the street, twice, at different places. The drum is operated by steam from the engine boilers and is controlled by a man in charge who operates a lever. The cable is only in the street when a car is to be moved.

On December 15, 1927, appellee was walking south on Taft Street and was struck by the cable and thrown upon the ground with great force. She sued and recovered a verdict for $6,000 and on a motion for a new trial, remitted $2,000, and a judgment for $4,000 was entered in her favor.

Appellant contends that the court erred in overruling special demurrers to the amended additional counts. After the demurrers were overruled, appellant filed the general issue and the law is well settled that by pleading over it waived the ruling of the court. If appellant thought the declaration was so defective that it would not support the judgment, that question

could have been presented to this court by a proper assignment of error even though the demurrers were overruled. *Chicago, R. I. & P. Ry. Co. v. People,* 217 Ill. 164–172; *Tykalowicz v. Metropolitan Life Ins. Co.,* 249 Ill. App. 280. No such error has been assigned. The legal sufficiency of a declaration is not raised by a motion for directed verdict. *Swift & Co. v. Rutkowski,* 182 Ill. 18; *Klofski v. Railroad Supply Co.,* 235 Ill. 146.

It is argued that the court erred in refusing to direct a verdict of not guilty. Appellant had placed the cable across the street and was using it at a time when there was much steam and noise and when people were likely to be passing upon the street. The man in charge of the drum testified that there was a lot of steam escaping and although he was within 10 feet of the street he did not see the accident because of the steam. Other witnesses testified as to the steam, the noise from its escape and from the running of the engine. Appellant offered some evidence tending to show that an attempt was made to warn appellee, but it is quite apparent that if any warning was given it was not heard or seen. In the state of the proof, the questions of negligence and contributory negligence were questions of fact for the jury and we would not be warranted in setting aside the verdict.

It is argued that the court erred in its rulings upon the admission of the testimony of Dr. Williams; that the doctor examined appellee more than a year after the accident solely for the purpose of testifying at the trial; that the hypothetical question did not embody material, undisputed facts and included subjective facts. The abstract shows that during the taking of the doctor's testimony five objections were made and that the rulings and exceptions were as follows: "Objection overruled. Exceptions by defendant." "Objection overruled." "Objection overruled. Ex-

ception." "Motion to strike overruled. Exception." "Objection overruled. Exception." In this state of the abstract the question as to whether the court erred in its rulings is not properly preserved and is not open for our consideration; *Dickhut v. Durrell*, 11 Ill. 72; *Dufield v. Cross*, 13 Ill. 699; *Arcade Co. v. Allen*, 51 Ill. App. 305; *Baker v. Newbury*, 63 Ill. App. 405; *Schanzenbach v. Brough*, 58 Ill. App. 526; *Lewinsohn v. Stevens*, 70 Ill. App. 307.

It is argued that the court erred in giving to the jury the following instruction: "The Court instructs the jury that in reading these instructions to you the Court does not intend to even intimate what in the judgment of the Court your verdict should be." That was the only instruction given on behalf of appellee. It was a proper instruction and could not in any way mislead the jury. It is argued that the court erred in refusing appellant's six refused instructions. The court gave the jury 23 instructions on behalf of appellant, which fully covered every phase of the case. On such a simple issue the court should not have been called upon to pass upon 29 instructions. In so far as the refused instructions were correct statements of the law they were fully covered by the given instructions.

It is argued that there was a variance between the proof and the averments of the declaration. That point was not raised in the trial court and cannot be considered. Appellant assigned error to the effect that the judgment is excessive. The only statement found in appellant's brief and argument in regard to that matter is as follows: "The judgment was excessive." No argument is presented to the effect that appellee's injuries were not of such a character as would warrant a verdict and judgment for $4,000. No reversible error having been pointed out, the judgment is affirmed.

*Affirmed.*