MAY TERM.                    CHRISTY v. PRICE, Adm'r. of FUGATE.
1842.

1. A party cannot recover on an *implied* contract, when there is an express
Christy          contract in force.
v.
Price,  Adm'r.   2. The refusal of a correct instruction, unaccompanied with any exposition.
of the law of the case to the jury, is error.

Error to St. Louis Circuit Court.

SPALDING and TIFFANY for Plaintiff.

BLAIR and GANTT for Defendant.

*Opinion of the Court, delivered by Napton, Judge.*

The plaintiff in error and one James Dean, executed to
Price, the defendant in error, the following instrument :

"We, or either of us, promise to pay to Isaac J. Price,
administrator of William C. Fugate, the sum of one hun-
dred and thirty-two dollars, it being for the hire of a negro
man named *South*, for the term of one year from this date,
and we bind ourselves not to remove the said negro out of
this county, and to furnish him with good clothing, suitable
to the season, and give him good medical aid, if sick, and pay
doctors' bills, if any, created, and return said negro to Isaac
J. Price, on the first day of March next, at the court house
door of St. Louis county, with suitable clothing for the sea-
son, as witness our hands and seals, this 1st March, 1837.

J. DEAN,
HOWARD F. CHRISTY."

At the November term, 1839, of the St. Louis circuit
court, Price filed his declaration against Christy, averring
that, whereas, in consideration that the said plaintiff had, on
the first day of March, 1837, at the county of St. Louis, at
the special instance and request of him, the said defendant,
then and there let to him, and delivered to said defendant,
and a certain James Dean, a certain negro man, &c., to be
worked and used by the said defendant and the said Dean,
for the space of one year. The said defendent undertook

and faithfully promised, among other things, that he would
take due and proper care of said negro, and would return
him at the expiration of a year. to wit, &c.; *Nevertheless,*
the said defendant took so little and such bad care of the said
negro, &c., that by and through the mere carelessness, reck-
lessness, remissness, negligence, &c. of him the said defendant
and of the said Dean, the said negro being, by the said James
Dean, with the assent and permission of said defendant, em-
ployed and compelled to work in a dangerous and improper
situation, to wit, in a certain sandpit; and afterwards, to
wit, &c., by the caving and falling of the sides of the said
sandpit, wherein the said negro man was compelled to work
as aforesaid, was crushed, overwhelmed, suffocated, and kill-
ed, contrary to the form and effect of the promise and under-
taking of the said defendant, to the damage of said plaintiff,
&c.

The defendant pleaded first, not guilty ; second, ne unques
administrator ;  third, said negro was not lost by neglect or
want of care of defendant ;  and fourthly, that said boy was
not employed by said Dean with the assent and permission
of said defendant, and compelled, with such permission and
assent, to work in a dangerous and improper situation, in
manner and form as alleged, &c.

Issues were taken upon all these pleas, and each of the is-
sues were found for the plaintiff, and his damages assessed
at six hundred dollars.   A motion was made for a new, trial,
on the grounds, that the verdict was against law and evi-
dence, and because the court refused to give proper instruc-
tions.

There were six instructions asked for on the trial, by the
plaintiff in error, but they were all refused. All the instruc-
tions except, perhaps, one, appear to have been based on
the supposition that the action was trespass on the case ;
and the court refused the instruction, as it would seem, be-
cause, in its opinion, the action was assumpsit on the con-
tract.   If the action be case, it is agreed that the instructions
were properly refused.

The fourth instruction which was asked, and refused was,
"That in this action the burthen is on the plaintiff, to prove

MAY TERM.
1842.

Christy
v.
Price, Adm'r.

the neglect and carelessness charged in the declaration, and it is not to be presumed without evidence."

It will be observed that all the pleas filed in this case were upon the supposition that the declaration was in *case*, and not assumpsit. Issues were taken to these pleas, and the jury responded to each of the issues, finding the defendant *guilty*, in the manner and form as charged, and that plaintiff was administrator as alleged, and that the negro was lost by the carelessness of defendant.

The declaration is, in my judgment, clearly a declaration in assumpsit. It alleges that in consideration of the bailment of a certain slave to the defendant and another, defendant undertook and promised to take good care of said slave; but that he took so little care of said slave, and made him work in such dangerous situations, that the slave was killed, to the damage of the plaintiff. In substance, the whole averment is, that for a valuable consideration, to wit, the bailment of a slave, the defendant made a contract with plaintiff to take good care of said slave, and then avers a breach of that contract, by which the plaintiff was damaged.

It appears to me unnecessary to enter into any critical examination of the forms which precedents have adopted, with a view to test the accuracy of this form by those which use and judicial determinations have sanctioned. The distinction between the forms in assumpsit and case are so subtle and refined, that the basis of the distinction is hardly worth an inquiry. In the declaration now before the court, every material allegation avers words of *contract*, and not of *tort*; *"Undertook and promised,"* and *"contrary to his undertaking and promise,"* are not expressions to be found in an action of case, (in tort,) except where the promise and undertaking are made merely inducement to the action. Here the contract is not brought in by way of inducement, but by express averment, and its breach is expressly averred as the ground for claiming damages.

If I am correct in supposing the action to be in form assumpsit, it is clear that the plaintiff in error cannot avail himself here of any misjoinder, occasioned by his own pleadings.

But there is one objection to the judgment which was obtained in the circuit court, which may entitle the plaintiff in error to its reversal.

The plaintiff sues in assumpsit, charges a special contract by defendant to take good care of the slave hired; and alleges a breach of that special contract. To prove his case, he offers in evidence a special written contract, which contains not one word about any care-that was to be taken of the slave by the defendant or his co-contractor, Dean; but is an obligation on their part to perform several other things, to wit; to clothe and feed the negro; to pay his doctor's bills, if sick; to return him at the end of the year, &c. It is true that by implication of law, the obligees in the contract are bound to take good care of the negro, and would be responsible, if through their negligence or misfeasance the slave was lost: But I have not seen any case, in which a plaintiff is allowed to sue and recover on an implied contract, where there was an express contract in force, and not executed or rescinded. It is plain, that the party here could have sued on his express contract to return the negro, and either in his declaration or replication charged the misfeasance complained of; and if his case was made out by proof, he could have recovered.

*A party cannot recover on an implied contract, when there is an express contract in force.*

I am aware that there are decisions which go so far as to settle that when the express contract is nothing more than the law would imply, a party may recover on the common counts. But the declaration in this case was not general indebitatus assumpsit, but on a special contract, and that an *implied* contract, when there was an express contract in force.

On this point, however, no adjudication is necessary; an amendment of the declaration in this particular might be advisable, to effect an ultimate decision of the case on its merits.

The fourth instruction which was asked by the plaintiff in error, and refused by the circuit court, it need hardly be said, was clearly the law. It amounted to nothing more nor less than that the plaintiff was bound to make out his case; that he was bound to prove the misfeasence charged in his

declaration. This instruction being connected with five or six others which were wrong, the circuit court probably overlooked it; or the court may have refused it on the supposition that like the others asked, it was intended to mislead the jury, and to create an impression that the negligence to be proved, must be brought home to Howard F. Christy personally. But the instruction is couched in general language, and merely tells the jury that the plaintiff must prove the negligence as charged. If the court had given any instruction at all in this case, and told the jury what was the law applicable to the case, I apprehend this court would not be disposed to grant a new trial for the refusal of the fourth instruction. But we cannot tell, but that the refusal of the court to give this instruction, unaccompanied as it was with any exposition of the law of the case to the jury, may have induced a belief on the part of the jury, that the plaintiff had made out his case, when he produced the written agreement, and proved the death of the negro. I should not, however, place much reliance on this conjecture, in a case free from doubts in other respects, especially as the jury responded to all the issues, and expressly found that the negro was lost by the carelessness of the defendant.

As one of my brother judges is of opinion that this action was in tort, and not on contract, and as I am not myself satisfied that the jury were advised of what proof was requisite to establish Chisty's liability, I am willing that the judgment be reversed and the cause remanded to the circuit court for a new trial.

*The refusal of a correct instruction, unaccompanied with any exposition of the law of the case to the jury is error.*