## THOMAS S. WARNE vs. RUSSELL PRENTISS.

1. A witness who has no legal interest in the event of a suit, is competent, although he may expect to be benefitted by the judgment.   His interest must be a direct and certain legal interest and not contingent.

2. In an action for use and occupation under our statute, a parol demise is evidence of the *quantum* of damages.

### ERROR to St. Louis Court of Common Pleas.

PRIMM & TAYLOR, for Plaintiff in error.

Of the errors assigned, the plaintiff relies on the following :

1st.  The court erred in not permitting Bredell to be sworn in chief. If interested at all, his interest was such as went to his *credibility*, not to his *competency*.

2d.  The court erred in the instruction which it gave to the jury.

That instruction states no legal proposition, to which the jury may apply the facts, but on the contrary, assumes to decide upon the force of the testimony, and the applicability of the law to them.   It takes the whole case away from the jury.   Morton vs. Reed, 6 Mo. Rep. 6; Glasgow vs. Copeland, 8 Mo. Rep. 268; Thompson vs. Botts, 8 Mo. Rep. 710.

3d.  The court erred in not permitting the attorney for plaintiff to address the jury upon the case made.

4th.  The court erred in not granting a new trial.   If the two first points are correct, then this point also must be maintained.

Warne vs. Prentiss.

CROCKETT & BRIGGS, for Defendant in error.

POINTS AND AUTHORITIES.

1st. That Bredell, offered as a witness by plaintiff, was interested in the suit, and therefore properly excluded. 1 Greenleaf E. 460–1; 2 Esp. C. 735; 1 Starkie Ev. 103, 105, and notes; 1 Dal. Rep. 62; 2 Pick. 240.

2d. That plaintiff cannot recover on his first count, because of a variance between the special contract declared upon, and the one given in evidence, nor on the common counts, because there was a special agreement.   8 Mo. Rep. 118, 517.

3d. That there being a variance on the first count, and no proof applicable to the others, the court properly directed the jury to find for defendant.

4th. The court having instructed the jury that it was their duty to find for defendant, properly refused to permit plaintiff's counsel to address the jury.

NAPTON, J., delivered the opinion of the court.

Warne sued Prentiss, in assumpsit, for the use and occupation of a house and lot in St. Louis.   The declaration contained four counts; the first averred a special contract, by which a tenancy was created under Warne, from the 12th July, 1841, to the 12th October, 1843, at a rent of one thousand dollars per annum, payable quarterly, in consideration of which tenancy, defendant undertook to pay the rent punctually; that the defendant had occupied the premises until the 12th October, 1842, yet the said defendant not regarding his promises, &c., had failed to pay said rent, &c.

The second was a count for use and occupation.

The pleas were non-assumpsit, set off and payment, to all of which replications were filed, and issues taken.   The issues were found for the defendant, and judgment was given accordingly.

It appears from the bill of exceptions that the plaintiff, on the trial, offered as a witness in his behalf, Edward Bredell, who, being sworn on his *voire dire*, testified that he did not know that he had any interest in the result of this suit; that he had a claim against the said plaintiff, who had failed in business some years ago, but his claim against the plaintiff was secured to be paid to him collaterally, by securities, which were perfectly satisfactory o him, and that he did not rely upon the termination of this suit favorably to the plaintiff as a means of paying his

claim; but that he was willing to receive the payment of his claim from this source, or any other that the said Warne might command; that a judgment in favor of the plaintiff in this cause might make him more able to pay said Bredell's claim; but that he, Bredell, at all events considered himself secured; that some two years ago, in a casual coversation with Warne, he was told by Warne that this suit had been commenced, and that if he succeeded in obtaining a judgment, he would assign the judgment to witness to pay his claim; that since that time witness had not seen Warne, and that no such assignment was ever made. It was a mere verbal promise by Warne to appropriate the proceeds of the judgment in this case to the payments of the debts due witness. The witness did not know whether Warne was insolvent.

The court excluded the witness as incompetent, and the plaintiff excepted.

The plaintiff then read to the jury, after proving the signatures of the parties, a written lease, not under seal, from Warne to Prentiss, by which the premises therein described were leased to said Prentiss from July 12th, 1841, to October 12th, 1843, upon a rent of one thousand dollars per annum, Prentiss contracting to pay his rent punctually, and agreeing not to underlet without the consent of Warne or of Edward Bredell, and not to occupy the premises as a drug store.

The plaintiff also gave in evidence a lease, under seal, from Edward Bredell to plaintiff, from 12th October, 1840, to 12th October, 1843, in consideration of a rent of one thousand dollars per annum, and with similar stipulations, as to sub-letting, as were contained in the lease from plaintiff to defendant.

The plaintiff then introduced witnesses who testified as to the occupancy of the premises by the defendant; the length of time such occupancy continued, and the yearly value of the premises at the time they were so occupied. No testimony was given by the defendant, but the court, at the instance of the defendant, directed the jury to find a verdict for the defendant? To this, exceptions were taken.

Two points are presented by the record; first, the competency of Edward Bredell; and second, the propriety of directing a verdict for the defendant, on the state of facts before the court.

*First.* It is a rule of evidence, that a creditor shall not be admitted as a witness in behalf of his debtor, to increase or preserve a fund out of which he is *legally* entitled to be paid. In some of the cases, the rule has been applied more broadly than it is here stated, but the reason of the rule, as well as the decided preponderance of mere authority, is in favor of strictly limiting its applicability to cases where the creditor

has a legal interest in the fund, and not a mere expectation of benefit. To hold otherwise, would be to produce a disqualification by an interest remote, indirect and uncertain, and thereby run counter to the leaning of courts in modern times, to let objections of this character go rather to the credibility than the competency of the witness.

A reference to some of the principal cases decided on this point, will illustrate the propriety of adhering to the narrow grounds of disqualification, produced by a legal interest in the fund to be created or enlarged.

The case of Peyton vs. Hallet, 1 Caines 379, is a case where the witness was held incompetent on this ground, adopting the principle decided in the case of Powell vs. Gorden, (2 Esp. 755.) It was an action upon a policy of insurance, and the witness objected to was a creditor of the plaintiff, and had received an order on the plaintiff's agent, to be paid out of the sum to be recovered in this action, but the agent had not accepted the order, though he promised the debt should be paid out of it, and the witness expected to be paid accordingly. The witness added that as his right did not depend upon the event of this suit, he should look to the plaintiff for payment, whether he recovered in this suit or not. The majority of the court held the interest of the witness to be direct and immediate in the event of the cause. They considered the order which the witness had obtained upon the agent who had control of the suit, as an assignment of this specific property, and the witness' right to look to the plaintiff for payment at all events, whether he succeeded or failed in the action, did not, in the opinion of the court, at all affect or diminish his interest. The chief justice (Lewis) dissented. The case must rest upon the ground upon which the case of Powell vs. Gorden does, and thus far is still unshaken; but some of the doctrines cited with approbation in the opinion, in relation to mere expectations or belief of interest, are not now considered law.

In the case of Marland vs. Jefferson, (2 Pick. R. 241,) the witness was the auctioneer or commission merchant to whom the plaintiff had sent the goods to be sold, and the witness had advanced money to the plaintiff to near their full value, and the plaintiff was insolvent. The witness stated that he had other security, but did not know whether it was sufficient or not; he did not claim any lien upon the goods, but it was his intention to retain their proceeds, if they came to his hands; and as agent for the plaintiff, he had spoken to the attorney to commence this suit. The witness was held incompetent. Parker, C. J., seemed to rely upon the facts, that the consignor, (the plaintiff,) was insolvent,

that the witness caused the suit to be commenced, and the money when made would be retained by him on account of his debt. This is a storng case of apparent, as well as actual interest, but not of any *legal* interest which ought to disqualify a witness, and the propriety of the decision may very well be questioned.

In McVeaugh vs Goods, (1 Dallas 62,) on the trial of an information against certian goods illegally imported, a witness who assisted in making the siezure, and who stated his expectation of some compensation, in case of their condemnation, was held incompetent.

And in Junis vs. Miller, (2 Dallas 50,) where a creditor of the defendant stated that he expected if the defendant succeeded, to be paid at least a part of his debt, his testimony was rejected as incompetent. The authority of these decisions is questionable, later decisions of the same court do not conform to them, and the weight of authority elsewhere, is decidedly against such a doctrine. Todd and others vs. Boon county, 7 Mo. Rep. 434.

In Ten Eyck vs. Bill, (5 Wend. 55,) the supreme court of New York recognized the authority of Peyton vs. Hallett and Powell vs. Gordon, but held that the interest of the witness must be direct and certain, not contingent, and therefore where the witness had the *promise* of an order for the amount in controversy when recovered, such promise was not held to disqualify him. The court admitted that the bias of the witness might be, in reality, as great where he confidently expects the money when collected, to be applied to his debt, as where he has a power of attorney, (which was the case in Powell vs. Gordon,) or a written order, such as existed in Peyton vs. Hallett. The court, however, distinguished these cases from the one before them, by pointing out a difference between a specified lien, which the witness would have on the fund when created, and a mere expectation growing out of a verbal promise. This distinction is also recognized, and the principle decided in this case of Ten Eyck vs. Bill, fully sustained by the case of Seaver vs. Bradley, 6 Gre. 60.

Bredell then having no *legal* right to be paid out of the fund, for the creation or preservation of which he was called on to testify, and being moreover entirely free from any apprehension of loss, let the suit go as it might, on account of the insolvency of Warne, was a competent witness.

The remaining question presented by the record, is the instruction of the court of common pleas to the jury. The reversal of the judgment on account of the rejection of the witness Bredell, renders any particular investigation of this point unnecassary. As the case goes back for

a new trial, however, we deem it not amiss to state that we have not been able to ascertain any ground upon which the direction of the court of common pleas can be maintained.

It has been suggested that the lease from Warne to Prentiss was not competent evidence under the first count, because of a material variance, and it could not go in evidence under the counts for use and occupation, upon the general principles of pleading, which preclude a party from proving a special agreement under the common counts. If any material variance existed, we have not, upon inspection of the record, been able to discover it; it cannot be pretended that Warne was bound to set out the whole contract, when he only sought to recover for the breach of so much of it as enjoined the punctual payment of rent. Such parts of the lease, as imposed certain other duties on Prentiss, as he did not complain of any breach in these particulars, he was under no obligation to set out in his declaration.

But conceeding that the lease was no evidence under the first count, and the objection relied on below, may have escaped our attention, upon what principle shall it be excluded from the jury as evidence under the counts for use and occupation? In an action for use and occupation the statute expressly gives the plaintiff the privilege of showing a parol demise, as evidence of the quantum of damages.

The lease from Bredell to Warne, it is true, was not admissible, but it is not perceived what that lease had to do with the case.

But there was oral proof of occupancy, and of the value of the rent, and it belonged to the jury to determine its sufficiency, provided it was competent and legitimate proof under the issues.

Judgment reversed and cause remanded.