＋•0•＋

ROBERT L. JONES, Respondent, v. JAMES C. LOUDERMAN, Appellant.

39    287
52a   663
39    287
60a    36
39    287
70a    84
39    287
96a  ³558
100a ¹439

1. *Practice—Pleading—Written Instrument.*—In declaring upon a written instrument, it is sufficient to plead it according to its legal meaning and effect.

2. *Practice—Pleading—Trial—Variance.*—A party cannot declare upon one cause of action and recover upon an entirely different and distinct cause of action. If there be a variance between the evidence and the pleading, the pleading should be amended so as to conform to the evidence, or the objection will be fatal.

3. *Practice—Pleading—Arrest of Judgment.*—Although a pleading be defective, yet if it appear after verdict that the verdict could not have been rendered without proof of the matters omitted in the pleading, the defect will be cured and the judgment will not be arrested.

*Appeal from St. Louis Court of Common Pleas.*

The petition was as follows :

" Plaintiff states that on the fifth day of September, 1862, the defendant made and entered into the following agreement, herewith filed and marked ' Exhibit A.,' whereby the defendant, among other things, agreed and covenanted with the plaintiff that in consideration of the said plaintiff releasing, selling and conveying to the said defendant all his title and interest, in law or equity, in and to a certain lease therein described, and which is herewith filed and marked ' Exhibit B.,' that he (the defendant), on the first day of Sep-

tember, 1864, upon payment to him by the said plaintiff, on that day or within ten days prior thereto, of the full amount of all sums expended by defendant for assessment and taxes of every kind for the years 1862, 1863 and 1864, and for all necessary repairs and insurance on said premises, will execute a lease to said Jones for the remainder of the term mentioned in the original lease above mentioned, and upon the same terms of renewal and upon the same terms and conditions expressed in said original lease. Plaintiff further states that, in obedience to the terms of said agreement, he did within ten days prior to the first day of September, A. D. 1864, to-wit, on the ———— day of August, 1864, offer and tender to said defendant the money for the full payment of the amount expended by said defendant for assessments and taxes of every kind for the years 1862, 1863 and 1864, and for all necessary repairs and insurance on said premises, and demanded of him a lease for the remainder of the term of said original lease ; but that said defendant, not regarding the terms and conditions of said agreement upon his part, violated his said agreement and failed and refused to execute to the plaintiff a lease, or to give him any satisfaction whatever. Wherefore plaintiff says he has been greatly damaged, to-wit, in the sum of twelve thousand dollars, for which with costs he prays judgment against said defendant."

The agreement referred to in said petition and marked "Exhibit A." is as follows :

"Whereas James C. Louderman has by an action before Justice Young, of the seventh ward, obtained possession of the premises heretofore leased to Robert L. Jones by lease dated 16th of November, 1859, recorded in book 232, p. 410, of St. Louis county recorder's office : Now, in consideration of the sum of $1,262.78, being the amount due by the said Jones to the said Louderman for rent, taxes and insurance on said premises—full satisfaction of which said rent, taxes and insurance is hereby acknowledged by the said Louder-

man—the said Jones releases, sells and conveys to said Louderman, his heirs and assigns, any right, title or interest which he, the said Jones, may have either in law or equity in or to the said premises; and the said Louderman on his part agrees that if the said Jones shall on the first day of September, 1864, or within ten days prior thereto, pay to him the full amount expended by him for assessments and taxes of every kind for the years 1862, 1863 and 1864, and for all necessary repairs and insurance on said premises, then he, the said Louderman, on said first day of September, 1864, upon payment upon that day as aforesaid, or within ten days prior thereto, and not otherwise, will execute to said Jones a lease to said premises for the remainder of the term mentioned in the original lease first above described, with the same terms of renewal and upon the same terms and conditions expressed in said original lease. The word 'assessment,' used above, is used in its ordinary legal sense, and has no military or political signification. Witness our hands and seals this fifth day of September, A. D. 1862.— J. C. Louderman, [Seal.] Robert L. Jones, [Seal.] Witnesses: John Flournoy, R. S. McDonald."

The defendant in his answer denied generally the allegations in plaintiff's petition, and among other things stated that said writing marked "Exhibit A.," although signed by him, never was delivered by him to plaintiff, and never was or became an agreement or valid instrument, and never was in plaintiff's possession rightfully or was his property, but that the said paper or writing was wrongfully taken and kept in the possession of plaintiff without his consent and against his will, and the clause made thereunder by plaintiff is wrongfully and fraudulently made; and defendant further denied that prior to the first day of September, 1864, plaintiff offered to him or tendered to him the money for the full payment of the assessments and taxes of every kind for the years 1862, 1863 and 1864, and for all necessary repairs and insurance upon said premises as alleged; and he denied

that he violated any agreement as alleged, or that there was or is any such agreement as was alleged; and he denied that by reason of any matters as alleged in his petition plaintiff has been injured in any sum whatever.

*Sharp & Broadhead*, for appellant.

*Cline & Jamison*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The first objection urged by the appellant is that there was a variance between the contract as set out in the petition and the one read in evidence. In declaring upon a written instrument or contract, it is not necessary that it should be set out in precise and identical terms, but if it is pleaded according to its legal meaning and effect it will be sufficient.

The code of practice has not changed the well-known rule of evidence as it existed at common law, that the allegations and the proofs must substantially correspond. A party cannot declare for one cause of action and recover on an entirely different and distinct cause. If there is a variance in the evidence, he should amend his pleadings so as to make them conform to the truth, else the objection will be fatal.

In this case the petition shows the contract and the breaches, but it is deficient in not averring the consideration. Had a demurrer been filed at the proper time, it would have been clearly sustainable; but as no objection was taken either by demurrer or answer, the defect may be considered as waived. We cannot say that the contract offered and admitted in evidence went to establish a different cause from that set forth in the petition: it tended to prove the same contract, though defectively stated.

The motion in arrest is intimately blended with the same question and is addressed to the sufficiency of the petition. The law is well established in this State—indeed, wherever the common law is known and practised—that although a petition may be defective, yet if it appear after verdict that

the verdict could not have been given, or the judgment rendered, without proof of the matter omitted to be stated, the defect will be cured and the judgment will not be arrested. —Frost v. Prior, 7 Mo. 314; Palmer v. Hunter, 8 Mo. 512; Roper v. Clay, 18 Ills. 383; Shaler v. Van Wormer, 33 Mo. 386; Richardson v. Farmer, 36 Mo. 35.

The issue joined on the trial necessarily required proof of the facts defectively stated or omitted, and without such proof the jury could not have found the verdict or the court rendered judgment. The answer contained a complete denial or traverse of every statement in the petition, and the record shows that the appellant was permitted to introduce (and rightly) all the evidence that he had and that he could have introduced had there been no defect in the petition.

The judgment is affirmed. The other judges concur.