## MOORE v. MOUNTCASTLE, *Appellant.*

1.  **Practice**: HARMLESS ERROR IN ADMITTING EVIDENCE AND GIVING INSTRUCTIONS. When a case is tried by the court below without a jury, the judgment will not be reversed for error in the admission of irrelevant evidence if there is enough relevant evidence in the record to sustain the finding, and the declarations of law given by the court are correct ; nor for error in declaring the law, where it is manifest from the record that the judgment is right.

2.  **Pleading**: CONTRACT. In declaring upon a contract it is only necessary to state so much of it as relates to the point of which complaint is made; beyond that it is useless to go. But the omission of any part of the contract which materially qualifies and alters the legal nature of the promise which is alleged to have been broken, will be fatal.

3.  **Contract**: MEASURE OF DAMAGES : PLEADING. In an action for breach of contract to come from Tennessee to Missouri to work on defendant's farm, plaintiff may recover for loss of time and the actual expense incurred in coming, without any specific allegation of such damages in his petition.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*Wooldridge & Daniel* for appellant.

The court erred in admitting the evidence objected to

by the defendant. The petition contains an averment of general damages only, and no averment of loss of time or expenditure of money in travel or board by plaintiff. 1 Chitty Plead., (13 Am. Ed.) 338, 339; Ib., 395, 396; Sedgwick Dam., (5 Ed.) 67, 68; Ib., chap. 24, p. 574 575, *et seq*; *De'Forest v. Leete*, 16 Johns. 122; *Ryerson v. Marscillis*, 16 N. J. L. (1 Harr.) 450; *Squier v. Gould*, 14 Wend. 159; *Rowand v. Bellinger*, 3 Strobh. 373; *Woodworth v. Woodburn*, 20 Ill. 184; *Vanderslice v. Newton*, 4 N. Y. 133; Whittelsey's Prac., 150, § 128; *Webb v. Coonce*, 11 Mo. 9; *O'Leary v. Rowan*, 31 Mo. 117; *State v. Blackman*, 51 Mo. 319; *Lusk v. Briscoe*, 65 Mo. 555.

*Sloan & Boggess* for respondent.

HENRY, J.—It is alleged in the petition that plaintiff and defendant, in the eastern part of the state of Tennessee, in the month of January, 1871, entered into a contract, by the terms of which plaintiff agreed to come to Cass county, Missouri, and improve and cultivate lands of defendant in said county, for the space of five years, or as long as they could agree; that defendant agreed to furnish plenty of money with which to improve said lands and buy agricultural implements, wagons, teams, farm machinery and stock to improve and cultivate such lands, and to give plaintiff one-half of all that could be' produced or grown upon the lands, and one-half of the stock raised thereon and remaining at the end of said period; that in March, 1871, plaintiff made and signed a memorandum in writing of their contract, which was not filed with the petition for the reason that it was not under the control of plaintiff; that plaintiff closed up his business in the state of Tennessee, and about the 20th day of March, 1871, came, in pursuance of said contract, to Cass county, Missouri, to perform the same on his part, but that defendant refused to comply with the contract on his part, to plaintiff's damage $1;000. The answer was a general denial, and on a

trial of the cause, the plaintiff obtained a judgment for $176, from which defendant has appealed.

The written evidence of the agreement was contained in a letter, addressed by defendant to J. H. Lacy on the 20th day of March, 1871; and against defendant's objections, J. H. Moore, for plaintiff, testified to the substance of a conversation between himself and defendant in January, 1870, in which the latter stated terms upon which he proposed to let plaintiff farm his lands in Missouri. Those terms differed in some respects from those contained in the letter, and stated in the petition. This was a year before it is pretended that any contract was made by the parties, and for what purpose the evidence was offered, or received, it is difficult to conjecture. It was inadmissible, and, if the trial had been by a jury, might be ground for reversal; but the court tried the cause, without the intervention of a jury, and in a declaration of law, distinctly stated that the plaintiff, in order to recover, must prove the agreement as alleged in the petition. That this testimony of a conversation in 1870, in relation to a contract materially different from that which was made in 1871, twelve months after, had no tendency to prove the contract alleged, and was wholly irrelevant, may be conceded, but we cannot see how it could possibly have prejudiced the defendant. It only showed what defendant himself admits in his testimony, that he and plaintiff were, at one time, in negotiation in relation to such a contract.

The plaintiff testified to the terms of the contract as alleged in the petition, and to additional provisions in the contract, not stated in the petition, viz: that defendant, by the agreement, was to furnish money to hire laborers to cultivate the farm, and to buy provisions. It was only necessary for plaintiff to state in his petition all that related to the point of which he complained, and beyond that it was useless for him to go. The omission of any part of the contract which materially

qualifies and alters the legal nature of the promise which is alleged to have been broken, will be fatal.   See 1 Chitty Plead., 314, 315, and cases cited illustrating these rules of pleading.

Plaintiff also proved, against objections of defendant, that he had expended a sum of money in bringing his 3. CONTRACT: measure of damages: pleading. brother to Missouri from Tennessee to work on said farm.   The instructions in view of the irrelevant evidence admitted are faulty, but although they would have warranted a verdict for a larger sum than plaintiff was entitled to, the court tried the cause, and it is manifest that the plaintiff was only allowed what he would have been entitled to recover on a proper instruction, which was for his loss of time from the 20th day of March to the 20th day of May, 1871, at $60 per month, and the actual expense he incurred in coming from Tennessee to Missouri.   These were " such damages as may be presumed necessarily to have resulted from the breach of the contract," and the rules of pleading do not require them to be stated with any great particularity in the petition.   Chitty, 1 vol., 338.   Plaintiff came to Missouri the 20th day of March, 1871, and waited on the defendant until the 20th day of May following, to comply with his agreement, and at the latter date defendant wrote him that he had failed to get money, and " will have to abandon our enterprise," and expressing a hope that plaintiff would "find employment to his interest."   Although plaintiff was improperly permitted to prove the amount of money expended by him in bringing his brother from Tennessee to Missouri, to work on said farm, the evidence was in effect excluded from consideration, for it is clear that the court allowed nothing on that account.   As in our opinion no error occurred in the trial against defendant, materially affecting the merits of the action, the judgment is affirmed. All concur.