BERNIS B. DAVIS, Respondent, v. JAMES W. DREW, Appellant.

Kansas City Court of Appeals, June 8, 1908.

ACTION: Contract: Quantum Meruit: Evidence. Plaintiff cannot sue on contract and recover on *quantum meruit*, and the evi-dence in this case fails to state the agreement declared upon.

Appeal from Saline Circuit Court.—*Hon. Samuel C. Davis,* Judge.

REVERSED AND REMANDED.

*Robert M. Reynolds* and *Thomas H. Harvey* for appellant.

(1) Having based his cause of action upon contract, it became necessary for him to establish the existence of the same by the evidence before he could recover upon the same. This we claim he did not do, and that for such reason the verdict has no evidence to support it. Nordyke & Marmon Co. v. Kehlor, 155 Mo. 658; Robertson v. Shepherd and Stone, 160 Mo. 375; Leveredge v. Lipscomb, 36 Mo. App. 634; Cole v. Armour, 154 Mo. 351. (2) In order to make a contract there must be a meeting of the minds of the contracting parties, and an agreement to the same thing in the same sense. Eads v. Carondelet, 42 Mo. 117. Brown v. Rice, 29 Mo. 322; Robinson v. Railroad, 75 Mo. 498; Bruner v. Wheaton, 46 Mo. 366; Green v. Cole, 103 Mo. 76; Nordyke & Marmon Co. v. Kehlor, 155 Mo. 655; James v. Fruit Jar Co., 69 Mo. App. 207; Batavia v. Railroad, 103 S. W. 140. (3) It is not enough that one of the parties may have understood it a certain way—both minds must have concurred and assented to it in the same way and in the same sense. Robison v. Estes, 53 Mo. App. 585; Barton Bros. v. Hunter, 59 Mo. App. 619; James v. Fruit Jar Co., 69 Mo. App. 213. (4) To make a concluded contract, the acceptance of a proposal must be unequivocal, unconditional, and without any variance of any sort between it and the proposal. James v. Fruit Jar Co., 69 Mo. App. 214; Brewington v. Mesker, 51 Mo. App. 348; Esterly Maeline Co. v. Creswell, 59 Mo. App. 471; Haubelt Bros. v. Milling Co., 77 Mo. App. 681.

*S. B. Burk* and *D. D. Duggins* for respondent.

(1) The case was fairly submitted to the jury upon the issues as follows: (a) The plaintiff contending that he furnished the hands and built the house for daily wages. (b) The defendant contending that

he had made a special contract to have the house built for $350. (2) The defendant is attempting to try the case in this court upon a theory not raised in the trial court, and neither was the attention of the trial court called to the theory now introduced, either by a demurrer to the evidence, peremptory instruction or in the motion for a new trial. Gale v. Car Co., 177 Mo. 455; Dice v. Hamilton, 178 Mo. 90; McDonald v. Tittman, 96 Mo. App. 541; Steele v. Johnson, 96 Mo. App. 156. (3) The evidence is positive and conclusive that the minds of the litigants met in the proposition that the plaintiff was to build a house for defendant.

BROADDUS, P. J.—The plaintiff's action is based on an alleged contract whereby he agreed with defendant to erect for him a dwelling house for which he was to receive a certain compensation for each day he worked, on the ten-hour schedule, and that he was to receive a certain compensation for each of his workmen for their day's work. That he erected the house and that the aggregate of his own work and of his workmen at the prices agreed upon was the sum of $700.85. He admitted a credit of $125 paid by defendant.

The defendant in his answer denies the contract as stated by plaintiff, and alleges that the plaintiff agreed to erect the house in question for the sum of $350; that after the contract was made, he employed plaintiff to perform further work in the building, of a porch for which there was no agreement as to what should be paid plaintiff, but he alleges $50 was a reasonable price for its construction. He claims credit in addition to said sum of $125, for $4.05 paid plaintiff for a certain window, and also for $46 balance for the board of some of plaintiff's workmen. He admits a balance due plaintiff of $225.06. The judgment was for plaintiff for the amount of his claim and the defendant appealed. The error complained of is, that, the plaintiff

failed to show that there was a contract for the work·
as alleged in his petition, but that he was permitted to
recover on *quantum meruit* or the reasonable value of
his services; and that there was error, to the defend-.
ant's prejudice, in the admission of testimony as to
the reasonable value of such services.

The evidence went to show that there was an agree-
ment between the parties that plaintiff was to put· up
a building for defendant on a certain plan and of cer-
tain dimensions for the sum of $350, but it was shown
that the plan and dimensions of the house were changed,
and the evidence was conflicting as to whether or not
plaintiff agreed to the change, and the testimony of the
workmen is to the effect that the house was not con-
structed according to said plans.    The evidence of the
plaintiff was to the effect that there was no contract
between the parties as to how much defendant was to
pay plaintiff by the day for his own work and that of
his workmen.    He stated as follows:    "I told Mr. Drew
I would furnish men, I would not work on it unless he
hired the men I had to work for him, he told me that
if any of the men didn't suit him 'I will come tell
you and make complaint to you,' I told him that they
would work for me for less money than they would
for him.    He said he would make up his mind to build
that house as it was or would change it and he would ·
tell me before I went to work whether he would take
the contract or the day work and he never told me any-
thing about it."    He was asked:    "Did you tell Mr.
Drew that you were working by the day?"    And an-
swered:    "I gave him my price.  .  Q. Did you tell Mr.
Drew you were working by the day and not by the
contract price.    A. No, sir."

Taking plaintiff's own evidence it shows that there
was no agreement that defendant was to pay plaintiff
for his work and that of his workmen any certain sum
per day.    He was not therefore entitled to recover on

the contract alleged in the petition. [Cole v. Armour, 154 Mo. 351.] The decisions in the State are uniform on the question, that a plaintiff cannot sue on contract and recover on *quantum meruit.* [Mansur v. Botts, 80 Mo. 651; Lowry v. Mining Co., 65 Mo. App. 266.]

Under this state of the pleadings and the evidence the plaintiff was only entitled to recover on the theory set out in defendant's answer.

Reversed and remanded. *Johnson, J.,* concurs; *Ellison, J.,* dissents.