BERNIS B. DAVIS, Respondent, v. JAMES W. DREW, Appellant.

Kansas City Court of Appeals, June 6, 1910.

1. **PLEADING: Amendment: Contract and Quantum Meruit.** Plaintiff sued for the contract price for building a house for defendant. He proved the reasonable value of the work and got judgment. On appeal the judgment was reversed and remanded. He then filed an amended petition in three counts, one on express contract, the other two on implied contract. On a retrial he recovered on the first count, that is, on the express contract. If the trial court erred in permitting the amendment (which is not conceded) it was a harmless error, for the recovery was on the cause of action stated in the original petition.

2. **PRACTICE: Res Adjudicata: Effect of First Ruling.** The decision on the first appeal was that the evidence on that trial did not correspond with the allegations of plaintiff's petition. Plaintiff was not thereby prevented from proving, if he could, on a subsequent trial, that he had an express contract with defendant, which defendant had failed to perform.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Robt. M. Reynolds* and *Thos. H. Harvey* for appellant.

When a case has been decided upon appeal in the ultimate appellate court, and upon retrial in the court below, again reached the appellate court by appeal or writ of error, only such questions will be noticed on the latter appeal as were not determined in the previous decision; whatever was passed upon in the previous decision will be deemed *res adjudicata*, and no longer open to dispute or further controversy. Overall v. Payne, 38 Mo. 209; Bank v. Taylor, 62 Mo. 338; Keith v. Keith, 97 Mo. 223; Brooks v. Barth, 112 Mo. App. 175; Gwinn v. Waggoner, 116 Mo. 143; Hickman v. Link, 116 Mo. 123; Chapman v. Railroad, 146 Mo. 481; Railroad v. Stone, 194 Mo. 175. The prior decision of this court was a solemn adjudication of the fact that no such contract as that set up and alleged in plaintiff's petition existed, and which, as an issue, passed into a final judgment at the March term, 1908, of this court. Brooks v. Barth, 112 Mo. App. 268; McGrew v. Railroad, 118 Mo. App. 379; Esler v. Railroad, 115 Mo. App. 574; Lawson v. Spencer, 90 Mo. App. 514; Fink v. Insurance Co., 66 Mo. App. 513; Fritsch M. & M. Co. v. Goodwin, 100 Mo. App. 423.

*S. B. Burks* and *Duggins & Duggins* for respondent.

JOHNSON, J.—This action is prosecuted by a contractor and builder to recover an amount alleged to be due him on the contract price of a farm house he erected for defendant. The jury gave plaintiff a verdict for $591.56, and the cause is here on the appeal of defendant. This is defendant's second appeal. On the first trial the verdict was for plaintiff but we reversed the judgment and remanded the cause for another trial. We refer to our opinion in that case (132 Mo. App. 503) for a statement of the facts in controversy. Plaintiff founded his cause of action on an express contract and we held that his own evidence failed to establish such contract and that he was erroneously permitted to recover on *quantum meruit*. A cause of action founded on contract is different from one on *quantum meruit,* and we applied the well-settled rule that a plaintiff cannot sue on one cause of action and recover on another and different cause.

After the cause was remanded, plaintiff filed an amended petition in three counts. In the first he pleaded a cause of action on express contract as in the original petition. In the other two, he pleaded causes founded on an implied promise of defendant to pay plaintiff the reasonable value of the services rendered. By appropriate motions defendant attacked the right of plaintiff to amend the petition, but the court held the amendment was proper. Defendant complains here of that ruling but we fail to perceive the importance of the objection now. Though the court may have erred in permitting the amendment—a thing we do not concede—the error is immaterial in view of the fact that the jury found for plaintiff only on the first count and not on either of the others. The verdict was that plaintiff is entitled to recover on an express contract, not on *quantum meruit*. What harm could have been done defendant by allowing plaintiff to plead a cause of action which the jury afterward rejected? We think

the error, if any, was harmless and we pass to other questions.

At the last trial, the evidence of plaintiff tended to prove an express contract and breach thereof as alleged in the first count. This is conceded, but defendant argues in effect that our former decision was a final adjudication of the issue of plaintiff's right to recover on an express contract. This is a misconception of the nature and extent of the adjudication. We held that the evidence before us did not support the cause of action alleged and that plaintiff could not recover on a different cause, but in remanding the case, we opened the door to another trial of the issues of fact tendered by the pleadings and did not foreclose the right of plaintiff to prove, if he could, that he had an express contract with defendant which the latter failed to perform. All we did decide was that plaintiff had failed to adduce proof of such contract.

The judgment is affirmed. All concur.