FRED D. PETERSHAGEN, Respondent, v. STAR CLOTHING COMPANY, Appellant.

Kansas City Court of Appeals, April 5, 1915.

1. **CONTRACTS: Written Instrument: Execution: Denial Under Oath: Admission in Court.** Ordinarily, when the execution of a written instrument charged to have been executed by the opposite party is denied under oath, its execution must be proven at the trial before it can be introduced in evidence. But if counsel, in open court admit its execution such proof need not be made.

2. **PLEADING: Contract: Variance.** Where a written contract contains several provisions, those not pertaining to the subject-matter of the suit, nor qualifying or influencing such matter need not be pleaded. If omitted and the contract is introduced in evidence, there is no variance.

3. CONTRACT: Evidence. Where a written order for merchandise is referred to in testimony and its contents brought out by each party, it is not material than the paper was not formally put in evidence.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED.

*Pope & Lohman* for appellant.

*Irwin & Peters* for respondent.

ELLISON, P. J.—Plaintiff's action is based on a written contract to pay him a commission on sales of merchandise made by him for defendant. He recovered judgment.

It is alleged in plaintiff's petition that by the contract defendant agreed to pay him six per cent of the value of all goods sold, not exceeding in value twelve dollars per dozen suits.

The evidence in plaintiff's behalf consisted of a written contract between him and defendant whereby it was agreed that he was to be paid six per cent of the value of merchandise he sold that did not exceed the value of twelve dollars per dozen. There was then verbal evidence tending to show that one Schwam who lived in Douglas, Arizona, near the line dividing this country from Mexico, was a purchasing agent for the "Carranza Constitutionalists forces" now engaged in civil war in that country. Plaintiff sold to Schwam a lot of khaki uniforms for the Carranza soldiers. The order was made out with statement of prices and draft for $1000 cash payments; the balance to be paid on receipt of the goods. This order, by understanding between plaintiff and Schwam, was sent in by the latter to defendant at Jefferson City, Missouri, was accepted by it and the goods shipped. There was evidence which

tended to show that defendants knew the order came through plaintiff.

The execution of the written agreement was denied under oath, yet it was admitted in evidence over defendants double objection, viz., that it was not the contract declared on in the petition, and there was no proof of its execution. Ordinarily, when the execution of a written instrument is denied by a pleading duly sworn to, its execution should be proven before it is received in evidence. But in this case defendant's counsel admitted, in open court, when the paper was offered in evidence, that his client had executed it. This we think justified its being received in evidence without proof of its execution.

The other part of defendants objection, that it was not the contract declared on we think was not well taken. The contract embraces many provisions which do not affect or pertain to the sale over which this controversy has arisen. The provision pertaining to plaintiff's cause of action is clearly set out in the contract and alleged in the petition. When a contract contains provisions not qualifying or affecting a provision which becomes a subject of suit, it is no variance to omit reference to such other provisions. [Warne v. Prentiss, 9 Mo. 544, 549; Moore v. Mount Castle, 72 Mo. 605; Jones v. Lauderman, 39 Mo. 287.]

It is said by defendant that the order for the goods was not introduced in evidence and that without it plaintiff's case is unintelligible. The order seems not to have been formerly offered in evidence; but it was marked as an exhibit at the trial and its terms were fully brought out by each of the parties. In such circumstances its omission from the record is of no importance.

We think there is nothing substantial in defendant's point that the order was "never completed." Nor in the objection that the plaintiff only asked one instruction to the effect that, if the jury found the issues

for the plaintiff they should find that he was entitled to six per cent on $7946, the amount of the sale to Schwam. The point made is that there should have been other instructions as to the facts it was necesary to believe in order to find for plaintiff. The instruction did not direct a finding for plaintiff; but merely directed that if they did, it was to be the per cent stated. Defendant chose to ask none after its demurrer was overruled.

Other objections to the judgment were made but we think them without merit. There seems to have been a fair trial and we must affirm the judgment. All concur.