Ludwig Tykalowicz, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Opinion filed June 1, 1928.

WHITNEL & BROWNING, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee recovered a verdict and judgment upon a policy of insurance. He averred in his declaration that on December 22, 1925, appellant issued a policy of insurance in words and figures as follows: "Metropolitan Life Insurance Company hereby insures the life of Kunegunda Tykalowicz, herein called the insured, in accordance with the terms of this policy, No. 4571953C; and promises to pay at its home office in the City of New York, One Thousand Dollars to

Ludwig Tykalowicz, husband, beneficiary, upon receipt of due proof of the death of the insured and upon the surrender of this policy. The right on the part of the insured to change the beneficiary, in the manner hereinafter provided, is reserved.

"This policy is issued in consideration of the application therefor, copy of which application is attached hereto and made part hereof, and of the payment for said insurance on the life of the above named insured, of $2.00 and .... Cents (which maintains this policy in force for a period of one month from its date of issue, as set forth below) and of the payment hereafter of a like monthly premium on each fourth day of every month (hereinafter called the due day) until the death of the insured. The provisions and benefits printed or written by the company on the following pages are a part of this policy as fully as if recited over the signatures hereto affixed.

"In witness whereof, the Metropolitan Life Insurance Company has caused this policy to be executed this 4th day of January 1926, which is the date of issue of this policy.

Jas. S. Roberts,          A. Cox,          Haley Fiske
Secretary        Policy Registrar        President."

He also set out the first eleven questions and answers contained in the application, all of which are on the first page of the policy immediately following the portion above quoted. He also averred that the insured was his wife and that she died in April, 1926; that he gave appellant due notice thereof and furnished it with proof of death and that appellant thereby became liable to pay him $1,000, etc.

Appellant demurred to the declaration on the ground that it was apparent therefrom that it did not contain all of the alleged contract. The demurrer was overruled and thereupon appellant filed the general issue

and several special pleas. The trial resulted in a verdict and judgment for $1,000.

If appellant thought the declaration was so defective that it would not support the judgment, that question could have been presented to this court by a proper assignment of error even though a demurrer to the declaration was overruled and appellant had pleaded to the merits. *Chicago, R. I. & P. Ry. Co. v. People,* 217 Ill. 164–172; *People v. Wallace,* 316 Ill. 120–122. No such error has been assigned. The legal sufficiency of a declaration is not raised by a motion for a directed verdict. *Swift & Co. v. Rutkowski,* 182 Ill. 18; *Klofski v. Railroad Supply Co.,* 235 Ill. 146.

While it may be better and more common practice to set out a written instrument in full or to declare upon it according to its legal effect, yet we are not prepared to say that the declaration is fatally defective. In fact, appellant does not so contend. The policy, with the conditions annexed, constitute an entire contract, and, in declaring upon the contract, it, or a sufficient portion of it to show a right of recovery, must be set out, either in terms or in substance. In a case of this character, the money only being payable upon the assured performing certain acts, all such precedent acts should be set out, and their performance averred. But all conditions subsequent to the right of recovery, and all acts to be done by the company in discharge of their liability, may be omitted and left to be set up as a defense. *Rockford Ins. Co. v. Nelson,* 65 Ill. 415; *Feder v. Midland Casualty Co.,* 316 Ill. 552. In order to avoid prolixity, so much of the contract as is essential to the cause of action should be set forth and no more, and this may also be stated according to its legal effect. 13 C. J. 719; *Stanwood v. Scovel,* 4 Pick. (Mass.) 422.

We are of the opinion that appellee set out in his declaration a sufficient portion of the policy of insurance to show a right of recovery, having averred the

performance of the only condition precedent contained in the policy.

Upon the trial appellee offered in evidence that portion of the policy of insurance which we have above quoted, but he did not offer the questions and answers contained in the application and which are set out in his declaration. . For that reason appellant insists that there was a fatal variance. The questions and answers aforesaid did not in any way qualify appellee's right to recover. Under the authorities above cited, the declaration would have been good if those questions and answers had been omitted. They could have been stricken as surplusage without impairing the legal effect of the declaration. When such is the case there is no variance. *Barnes v. Northern Trust Co.,* 169 Ill. 112.

When appellee was about to read in evidence that portion of the policy above quoted, counsel for appellant objected on the ground that it varied from the policy set out in the declaration. The court inquired if there were any allegations in the declaration that were not contained in the portion of the contract about to be read and counsel for appellant said that in the declaration appellee set out certain parts of the contract which he has not offered in evidence. The court then inquired as to what those parts were. Counsel for appellant then stated that on pages 2 and 3 of the declaration a part of the application is set out and the policy, or the front page of it, as set out in the declaration states that the provisions and benefits written or printed by the company on the following pages are a part of the policy as fully as if recited over their signatures, and yet he is offering only the first page and leaving out the rest of the contract. It will be observed that appellant did not undertake to point out specifically the alleged variance now insisted upon but was contending that appellee should be required to offer the entire policy. It is not sufficient

to simply object on the ground that there is a variance between the declaration and the proof. *Libby, McNeill & Libby v. Scherman,* 146 Ill. 540–549.

After appellant filed the general issue and several special pleas it then moved the court for a rule on appellee to file a complete copy of the policy sued on, and the motion was overruled. Appellant does not contend in this court that the declaration does not state a cause of action. As before stated, we think it states a cause of action under the authorities cited. That being true, the court did not err in denying the motion for a rule on appellee to file a complete copy of the policy sued on. In any event, we do not see how appellant could have been prejudiced by the court's ruling in that regard, as appellant was permitted to offer in evidence all of that part of the policy which appellee failed to offer.

Appellant filed a verified plea denying the execution of the policy set out in the declaration. In its original brief and argument appellant did not contend that the execution of the policy was not proven. When appellee offered in evidence that portion of the policy relied upon to make out his case, appellant made no objection whatever on the ground that there was no proof of the execution of the policy. The objections made clearly show that appellant was making no contention that the policy was not executed by it, but was insisting that appellee should offer the entire policy in evidence instead of a portion thereof. Appellant is in no position to contend that the execution of the policy was not proven. *Petershagen v. Star Clothing Co.,* 188 Mo. App. 581, 176 S. W. 466.

Appellant filed several special pleas in which it averred that while it did not execute the policy set out in the declaration it did issue a policy on the life of appellee's wife, which, in addition to that part set out in the declaration, also included other pages of words and figures entitled "provisions and benefits" and

other pages of words and figures entitled "application," the whole of which constituted the sole and only policy of insurance issued by appellant on the life of appellee's wife. The pleas set out, in substance, that in the application signed by the insured she answered questions to the effect that at the time of the application her health was good; that she had never been sick; that she had never left her work for more than one month on account of her health; that she had no physical defect or infirmity; that she had not had any surgical operation or serious illness; that she had no usual medical attendants; that she had never had any diseases known as cancer or other tumor; that she had not been attended by a physician during the five years prior to the making of the application; that she had not had any treatment at any dispensary, hospital or sanitarium within the last five years. The pleas further averred that each and every of the answers aforesaid, contained in said application aforesaid, were warranted to be true and that said answers and each of them were false and untrue and that by reason thereof the said policy of insurance is null and void, etc.

To the said special pleas appellee replied, in substance, that the insured was a woman of foreign birth, unable to speak, read or write, or to understand the American language; that the said application referred to in the pleas was filled out and the answers therein were written by the agent of appellant and its medical examiner, without any statement on the part of the insured on which to base the said supposed answers or any of them; that the insured, at the time of the signing of the application, did not know and had no means of knowing what was written in said application; that she attached her signature thereto at the request and by the direction of appellant's agent; that at the time of the making of the said application appellant had due notice that the said supposed answers

.contained therein were false and untrue, etc., and that by reason thereof the said policy was in full force and effect, etc. Appellant joined issue on the replications to its pleas.

Appellant does not undertake to show that the evidence in the record does not support the replications to its pleas. Its contention is, that the answers were false and were material to the risk. The replications conceded as much and sought to avoid the effect thereof. When issue is joined upon replications and decided against a defendant, he will not be heard to say that such replications did not constitute a legal answer to his pleas. *Murgic v. Fort Dearborn Casualty Underwriters*, 245 Ill. App. 361; *Chicago Great Western R. Co. v. People*, 179 Ill. 441–446. Appellant is in the position of having admitted that if the facts averred in the replications are true they are a complete answer to its pleas.

Appellant's medical examiner, who filled out the application by writing in the answers to the several questions, had no recollection of the facts or circumstances incident thereto. The evidence on the part of appellee is undisputed and is to the effect that the insured did not speak or understand the English language; that she was not asked the questions set out in the application and did not make the answers thereto. Appellee testified that he told the medical examiner that his wife had been sick and that Dr. Stanton had waited on her and that he would have to ask Dr. Stanton as to what her trouble was, that he did not know himself and that the medical examiner stated he would talk with Dr. Stanton. We are of the opinion that there is ample evidence in the record to support the averments of the replications to appellant's pleas.

Appellant suggests that if the medical examiner was so informed and that he wrote the answers to the questions in the application, without any information from

the insured, then there was fraud and collusion between the medical examiner and the insured and that appellant should not be bound by the conduct of its medical examiner. We think it sufficient to say that if appellant desired to present that question it should have been presented as a rejoinder to the replications.

Appellant insists that appellee's first and second instructions were erroneous, because they did not place upon appellee the burden of establishing a waiver by a preponderance of the evidence and because they failed to include the element of lack of collusion between the insured, the beneficiary and appellant's medical examiner. The objections are not well taken. The instructions required the jury to find the facts from the evidence; this they could not do unless the evidence prepondered in favor of appellee. As to the other objection, the question of collusion was not an issue in the case, nor was there any evidence tending to prove such an issue.

Appellant further suggests that the court erred in refusing its first refused instruction. That instruction stated, in substance, that even though the medical examiner knew that one or more of the answers in the application were untrue, still, if the insured knew of the falsity of the answers and knew they were calculated to deceive the company and induce it to issue the policy, that then the medical examiner ceased to be the agent of the company and became her agent. There is no evidence in the record tending to show that the insured had any knowledge of the falsity of any of the answers written in the application by the medical examiner. No reversible error having been shown, the judgment is affirmed.

*Affirmed.*

MR. JUSTICE NEWHALL took no part in rendering this opinion.