E. W. WINGO, RESPONDENT, v. M. E. GILLIOZ, APPELLANT.—30 S. W. (2d) 777.

Springfield Court of Appeals. July 29, 1930.

*Sam M. Wear* and *James E. Sater* for appellant.

*Allen & Allen* and *Arch A. Johnson* for respondent.

BAILEY, J.—This is an action on an express contract to recover an amount defendant is alleged to have agreed to pay plaintiff as a promotion fee in acquiring options, leases and assisting in financing the erection of the Gillioz Theatre in Springfield, Missouri.

In his petition plaintiff states a contract was entered into about July 15, 1925, whereby he was to procure for defendant a site for a theatre building with an entrance on St. Louis street, in the City of

Springfield, and procure a loan for defendant on the real estate (when acquired) and building to be erected thereon, to an amount acceptable to defendant; that he was to procure a tenant for said theatre when completed and to perform other services, for defendant, incidental to the acquiring of said real estate and in financing said proposed building, by procuring a loan and in leasing said theatre; that by the terms of said contract defendant agreed to pay plaintiff not less than $15,000, and upon certain contingencies $20,000, for his services; that in pursuance of said contract, plaintiff procured an option on the real estate on which the Gillioz Theatre is now located and negotiated the purchase of said real estate for defendant; that he procured options and negotiated a long term lease on the building now used as an entrance way from said St. Louis Street; that he negotiated and procured for defendant a loan of $125,000 on said property, procured plans for said building to be erected, procured a contract for furnishing said theatre and negotiated a long time lease to a tenant acceptable to said defendant and complied with all the terms of said contract; that plaintiff waives all the amount due him in excess of $15,000; that defendant has paid plaintiff $3,225, leaving a balance due him of $11,755, for which judgment is prayed. The answer was a general denial. Trial to a jury resulted in a verdict and judgment for plaintiff in the sum of $3548.50, from which judgment defendant has appealed.

Defendant assigns error in the failure of the trial court to give his instruction in the nature of a demurrer to the evidence offered at the close of all the testimony. Plaintiff's evidence tended to prove a state of facts which may be briefly stated as follows: In 1925 plaintiff was in the business of writing life insurance in the City of Springfield. He was acquainted with defendant M. E. Gillioz, a general building contractor residing at Monett, Missouri, who was, at the time, engaged in erecting the Pipkin School in Springfield. A certain Frank Headley brought to plaintiff's attention a proposed theatre in Springfield, with an entrance on St. Louis street. Headley had tried for some months to promote this theatre through one Kirk Hawkins, but the plan fell through. Plaintiff became interested and took Headley to the Pipkin School to see defendant Gillioz about the matter. After some negotiations it was agreed that plaintiff should secure options, a loan, tenants and take care of other details, for which services defendant agreed to pay plaintiff $15,000. There was evidence tending to prove plaintiff did perform these services; that the options and lease were procured, the building erected, a loan obtained and a tenant procured. In this connection, plaintiff testified as follows: "In the original conversation of building the building, Mr. Gillioz and I talked over the possibilities of disposing of some stock. If he incorporated I would sell stock and if he didn't

there would be no stock to sell. I was willing to take my pay in stock or money.

"Q. Did he ever at any time request you to sell any stock in the Gillioz Theatre? A. He had no stock.

"Q. Did he ever request you to sell any? A. No, he *did ask about it once in awhile when we were going to begin to sell but there was no stock to be sold.* He never did incorporate. I accompanied him to see Mr. Jarrett. He took $2500 in stock. We went to see Arch McGregor and he wasn't interested in taking shares in any business. We went to see Bunch McDaniel, and he was interested if he and· his friends, as he called them, could have something to do with the proposition, and have at least fifty-one per cent of stock; Mr. Gillioz was not willing for that. He told him he would build the theatre himself and there wouldn't be anyone in Springfield in it, he would build it himself. The contract was just signed he hadn't put a shovel of dirt out."

There was other testimony on the part of plaintiff to the effect that it was part of a promoter's duties to interest the public in putting money into an enterprise and that the original idea was to finance the building of the theatre by selling stock, but the stock selling proposition was abandoned and defendant agreed to pay plaintiff in cash for his services. The testimony of other witnesses and certain circumstances connected with procuring the lease and options tended to support plaintiff's theory of the case, but the foregoing is sufficient for the purposes of this opinion. It may be said that defendant's evidence was in direct conflict with that of plaintiff on all essential points and that defendant denied ever having agreed to pay plaintiff a cent. But the verdict of the jury has settled the questions of fact in plaintiff's favor.

Defendant contends his demurrer to the evidence should have been sustained because, it is asserted, plaintiff's testimony, "clearly and irrefutably shows a contract different to the one declared upon." Defendant relies upon that line of cases which hold that where a suit is based upon an express contract, plaintiff must recover upon the contract alleged or not at all. [Michael v. Kennedy, 148 S. W. 983, 166 Mo. App. 462; Walker v. Bohannan, 243 Mo. 119, l. c. 137, 147 S. W. 1024; Davis v. Drew, 132 Mo. App. 503, 111 S. W. 869; Kropp v. Brewing Co., 138 Mo. App. 49; Merryman v. Buddecke, 243 Mo. 205, 147 S. W. 1024.]

The above rule, well founded though it is, cannot avail defendant in this suit. The petition declares upon an express contract to pay a certain sum for specified services to be rendered. According to plaintiff's testimony the promise was made by defendant and the services were performed by plaintiff. The fact that plaintiff's testimony also tended to prove that he was to sell stock in order to finance

the building of the theatre, provided defendant should incorporate the company or decide to do so, and plaintiff should then receive his pay in stock, does not constitute a variance between the pleading and proof. The agreement to sell stock was contingent and never became effective, according to plaintiff's testimony, because defendant decided to own the theatre himself. This agreement was therefore not an essential part of plaintiff's contract and there was no necessity of pleading portions of the contract not affecting the issues. In 13 C. J., p. 751, the rule is stated that, "Where that part of the contract which is material is correctly set forth, a variance as to a portion which does not affect the issues involved is immaterial." The case of Petershagen v. Star Clothing Co., 188 Mo. App. 581, l. c. 583, sets forth the rule in Missouri as follows: "When a contract contains provisions not qualifying or affecting a provision which becomes a subject of suit, it is no variance to omit reference to such other provisions. [Warne v. Prentiss, 9 Mo. 544, 549; Moore v. Mount Castle, 72 Mo. 605; Jones v. Lauderman, 39 Mo. 287.]"

To the same effect is the early case of Johnson v. White, 2 Mo. 223. While this phase of the contract was a proper matter of defense, it was not necessary that plaintiff incorporate such portion in his petition since, according to his evidence, the agreement to pay money for his services was the only enforceable stipulation in the contract. We think the demurrer was properly overruled.

Defendant assigns as error the refusal of his instruction No. 2. By this instruction the jury was informed that if they found plaintiff undertook the building of said theatre by selling stock therein and that he submitted the plan to defendant who agreed to build said theatre and put some money into the ground on which it was built believing plaintiff would finance same by selling stock, and that he was caused to finance the theatre building himself, in order to protect the money he had invested in the proposition, after it became apparent plaintiff could not finance it, then their verdict should be for defendant. This instruction ignores plaintiff's theory of the case and the evidence in support thereof. It directs a verdict for defendant upon a hypothesis which could all exist and yet plaintiff be entitled to recover if a certain condition were not fulfilled, namely, the incorporation of the theatre project or at least a willingness on the part of defendant to incorporate. There is no evidence that plaintiff ever himself agreed to incorporate the company. There is evidence that defendant, who became the owner of all the leases, real estate and contracts, and was then in control of the enterprise, refused to incorporate and make is possible for plaintiff to sell stock. We therefore believe the instruction as drawn was properly refused,

although that issue, if fairly submitted, would no doubt, have been proper. For the same reason other instructions were correctly refused. We find no material error and the judgment is affirmed. *Cox, P. J.*, and *Smith, J.*, concur.